UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| 68TH STREET SITE WORK GROUP,<br><br>        Plaintiff,<br>   v.<br><br>7-ELEVEN, INC., et al.,<br><br>        Defendants. | No.: 1:20-cv-03385-SAG |

**DEFENDANT C&I LEASING, INC.'S MEMORANDUM
<u>OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT</u>**

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ................................................................................................................1
II. STATEMENT OF FACTS & PROCEDURAL HISTORY ..............................................2
III. LEGAL STANDARD .........................................................................................................3
IV. THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF IS NOT THE REAL PARTY IN INTEREST ...................................................................................4
V. THE COMPLAINT FAILS BECAUSE PLAINTIFF DOES NOT PLEAD FACTS THAT ESTABLISH C&I LEASING IS THE SUCCESSOR-IN-INTEREST TO THE FIVE PEPSI ENTITIES ..................................................................6
VI. THE COMPLAINT FAILS BECAUSE PLAINTIFF DOES NOT PLEAD FACTS THAT ESTABLISH C&I LEASING ARRANGED FOR THE DISPOSAL OF HAZARDOUS SUBSTANCES ............................................................7
VII. EVEN IF PLAINTIFF COULD PLAUSIBLY STATE A CLAIM, DISMISSAL IS WARRANTED WITH PREJUDICE BECAUSE ALL CLAIMS CONCERNING MUNICIPAL SOLID WASTE WERE WAIVED IN THE CONSENT DECREE ..........................................................................................................11
VIII. BECAUSE THE CERCLA CLAIM FAILS, C&I LEASING IS ENTITLED TO A DECLARATION THAT IT IS NOT LIABLE FOR FUTURE RESPONSE COSTS ...............................................................................................................................13
IX. CONCLUSION .................................................................................................................14

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Allied Towing Corp. v. Great E. Petroleum Corp.*,
   642 F. Supp. 1339 (E.D. Va. 1986) .................................................................................... 9

*Am. Alternative Ins. Co. v. Moon Nurseries, Inc.*,
   No. 11-cv-2267, 2012 WL 892620 (D. Md. Mar. 14, 2012) ............................................ 11

*Andres v. Town of Wheatfield*,
   No. 1:17-cv-377, 2020 WL 7764833 (W.D.N.Y. Dec. 30, 2020) ...................................... 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ....................................................................................................... 3, 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................................... 3

*Boarhead Farm Agreement v. Advanced Envtl. Tech. Corp.*,
   381 F. Supp. 2d 427 (E.D. Pa. 2005) .............................................................................. 4, 5

*Bryant v. Colonial Pipeline Co.*,
   699 F. Supp. 546 (W.D. Va. 1987) .................................................................................... 9

*Carolina Power & Light Co. v. 3M Co.*,
   No. 5:08-cv-460, 2010 WL 11420854 (E.D.N.C. Mar. 24, 2010) .................................. 6, 7

*Carolina Power & Light Co. v. 3M Co.*,
   No. 5:08-cv-460, 2010 WL 2837009 (E.D.N.C. July 19, 2010) ........................................ 6

*Desgraviers v. PF-Frederick, LLC*,
   --- F. Supp. 3d ---, 2020 WL 6826551 (D. Md. Nov. 20, 2020) ..................................... 4, 8

*Dixon Lumber Co. v. Austinville Limestone Co.*,
   No. 7:16-cv-130, 2017 WL 4933053 (W.D. Va. Oct. 31, 2017) ..................................... 8, 9

*Ferguson v. Arcata Redwood Co., LLC*,
   No. 03-05632, 2004 WL 2600471 (N.D. Cal. Nov. 12, 2004) .......................................... 7

*Garrett Day LLC v. Int'l Paper Co.*,
   No. 3:15-cv-36, 2016 WL 613005 (S.D. Ohio Feb. 12, 2016) .......................................... 7

*Gussack Realty Co. v. Xerox Corp.*,
   224 F.3d 85 (3d Cir. 2000) .............................................................................................. 13

*J & P Dickey Real Estate Family Ltd. P'ship v. Northrop Grumman Guidance & Elecs. Co.*,
   No. 2:11-cv-37, 2012 WL 925015 (W.D.N.C. Mar. 19, 2012) .................................................. 11

*La Loma Grande LLC v. United States*,
   No. 11-cv-476, 2017 WL 6061610 (D. Ariz. Mar. 7, 2017) .................................................... 13

*McCleary-Evans v. Md. Dep't of Transp.*,
   780 F.3d 582 (4th Cir. 2015) ................................................................................................... 4

*New York v. Town of Clarkstown*,
   95 F. Supp. 3d 660 (S.D.N.Y. 2015) ....................................................................................... 7

*Nurad, Inc. v. William E. Hooper & Sons Co.*,
   966 F.2d 837 (4th Cir. 1992) ................................................................................................. 10

*Pasco Sanitary Landfill NPL Site Indus. Waste Area Generator Grp. III v. Basin Disposal, Inc.*,
   No. 4:15-cv-5022, 2015 WL 12516735 (E.D. Wash. Nov. 16, 2015) ................................. 4, 5

*Precision Brand Prods., Inc. v. Downers Grove Sanitary Dist.*,
   No. 08-cv-5549, 2011 WL 3489844 (N.D. Ill. Aug. 8, 2011) .................................................. 7

*PRSC, LLC v. Admiral, Inc.*,
   No. 8:08-cv-1379, 2009 WL 10685578 (D. Md. Mar. 10, 2009) ........................................... 13

*Trimble v. Asarco, Inc.*,
   232 F.3d 946 (8th Cir. 2010) ................................................................................................. 13

*United States v. Iron Mountain Mines, Inc.*,
   881 F. Supp. 1432 (E.D. Cal. 1995) ...................................................................................... 11

*United States v. N. Landing Line Constr. Co.*,
   3 F. Supp. 2d 694 (E.D. Va. 1998) .......................................................................................... 8

**STATUTES**

42 U.S.C. § 9601 ............................................................................................................................ 10

42 U.S.C. § 9607 .................................................................................................................... 1, 8, 12

42 U.S.C. § 9613 .............................................................................................................................. 8

**OTHER AUTHORITIES**

40 C.F.R. § 302.4 ........................................................................................................................... 11

Fed. R. Civ. P. 12 ......................................................................................................................... 1, 3

Fed. R. Civ. P. 17 ...................................................................................................................... 1, 4, 5

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant C&I Leasing, Inc. ("C&I Leasing"), through undersigned counsel, respectfully submits this memorandum of law in support of its Motion to Dismiss the Complaint of Plaintiff 68th Street Site Work Group ("Plaintiff").

## I. INTRODUCTION

Plaintiff's scattershot naming of multiple defendant entities fails to provide any facts, as distinct from legal conclusions and formulaic recitations of the claims' elements, as to why or how C&I Leasing is potentially liable for the hazardous substances purportedly present at a CERCLA Superfund site. The absence of well-pled facts dooms the Complaint under *Twombly-Iqbal* and a number of other reasons. ***First***, as a site work group, Plaintiff cannot pursue this action. Rather, pursuant to Federal Rule of Civil Procedure 17, only potentially responsible parties – such as the individual members of Plaintiff's work group – can pursue this action. ***Second***, the Complaint fails as to C&I Leasing because Plaintiff does not plead the facts required to show that C&I Leasing is the successor in interest to five purported predecessor entities. ***Third***, Plaintiff has pled no facts that would show C&I Leasing arranged for the disposal of hazardous substances at the site.

***Finally***, even if Plaintiff were the real party in interest and could plead facts to support successor liability and arranger liability, its claims still fail because, when the parties entered into a consent decree with the federal government, all claims concerning Municipal Solid Waste ("MSW") were waived.[1] Because Plaintiff pleads that the waste attributable to C&I Leasing consisted of MSW, its claims are barred and should be dismissed with prejudice.

---

[1] CERCLA defines MSW as "material generated by a household (including a single or multifamily residence); and generated by a commercial, industrial, or institutional entity, to the extent that the waste material (i) is essentially the same as waste normally generated by a household; (ii) is collected and disposed of with other municipal solid waste as part of normal municipal solid waste collection services; and (iii) contains a relative quantity of hazardous substances no greater than the relative quantity of hazardous substances contained in waste material generated by a typical single-family household." 42 U.S.C. § 9607(p)(4)(A).

## II.     STATEMENT OF FACTS & PROCEDURAL HISTORY

The 68th Street Dump Superfund Alternative Site (the "Site") "is an aggregate of seven landfills and encompasses approximately 239 acres, nearly 118 acres of which are streams and wetlands."  Dkt. 1 ¶ 4.  The Site "has been organized into five Management Areas ("MAs") identified as MA-A, MA-B, MA-D, MA-E and MA-F."  *Id.* ¶ 5.  Plaintiff alleges that "waste disposal activities occurred between the 1950s and early 1970s under various landfill operating permits . . . . and [involved] disposal of solid and liquid municipal, industrial and commercial wastes."  *Id.* ¶ 6.  Although Plaintiff alleges that the 156 named defendants were involved with the disposal of these wastes, *see id.* ¶¶ 30-1190, the allegations pertaining to C&I Leasing are few and far between.  *See id.* ¶¶ 211-20.

Plaintiff does not allege that C&I Leasing disposed of any wastes at the Site.  *See id.*  Rather, Plaintiff alleges that C&I Leasing "is the successor to and/or formerly known as and/or also known as Allegheny Beverage Company, Allegheny Pepsi-Cola Bottling Company, American Brewery, Inc., Pepsi Cola Bottling Co. and Suburban Club Beverage."  *Id.* ¶ 211.  Without providing any facts as to how wastes came to be located at the Site, Plaintiff vaguely and generally alleges that "the waste streams attributable to Allegheny Beverage Company, Allegheny Pepsi-Cola Bottling Company, American Brewery, Inc., Pepsi Cola Bottling Co. and Suburban Club Beverage [contain] at least the following: empty drums and empty soda cans."  *Id.* ¶ 218.

In 1999, the U.S. Environmental Protection Agency ("EPA") proposed the Site to the National Priorities List and re-proposed it in 2003.  *Id.* ¶¶ 14-15.  "On April 26, 2006, members of the 68th Street Site Work Group and EPA entered into an Administrative Settlement Agreement and Order for Remedial Investigation and Feasibility Study."  *Id.* ¶ 16.  "On September 30, 2013, EPA issued its final Record of Decision ('ROD') for remedial actions at the 68th Street Site."  *Id.* ¶ 21.  On November 28, 2017, the U.S. District Court for the District of Maryland entered a

Consent Decree for Remedial Design/Remedial Action ("RD/RA Consent Decree") between EPA/the State of Maryland and two groups that Plaintiff identifies as the "Settling Performing Defendants comprising the members of the 68th Street Site Work Group and Non-Performing Settling Defendants." *Id.* ¶ 22. Although Plaintiff itself is not a signatory to this decree, all "of the members of the 68th Street Site Work Group are signatories to the RD/RA Consent Decree." *Id.* ¶ 29.

Pertinent to the instant motion, the RD/RA Consent Decree contains a provision whereby it was agreed:

> *not to assert any claims and to waive all claims or causes of action* (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that [signatories] may have for all matters relating to the [68th Street Site] against any person where the person's liability to [signatories] with respect to the Site is *based solely on having arranged for disposal or treatment, . . . of Municipal Solid Waste (MSW) at the Site*, if the volume of MSW disposed, treated or transported by such person to the Site did not exceed 0.2 percent of the total volume of waste at the Site.

RD/RA Consent Decree ¶ 106 (emphasis added) (attached hereto as Ex. 1). Plaintiff alleges that it "has incurred over $4.8 million in response costs in connection with the activities and payments required by the RD/RA Consent Decree" and "will continue to incur response costs." Dkt. 1 ¶¶ 24, 26.

On November 20, 2020, Plaintiff initiated this action by filing its Complaint.

### III.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) should be granted where the complaint fails to allege facts sufficient to establish each element of the claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). To survive a motion to dismiss, the complaint's allegations must rise above the "speculative," "conceivable," or "possible," and instead must "state a claim to relief that is plausible on its face." *Twombly*, 550

U.S. at 545, 547, 555, 563, 570; *see also Iqbal*, 556 U.S. at 678 (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully"). A complaint must include "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555); *see also Desgraviers v. PF-Frederick, LLC*, --- F. Supp. 3d ---, 2020 WL 6826551, at *2 (D. Md. Nov. 20, 2020) (noting that a complaint must have "more than bald accusations or mere speculation") (Gallagher, J.). Thus, although well-pleaded allegations of fact are accepted as true, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not. *Iqbal*, 556 U.S. at 678.

## IV. THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF IS NOT THE REAL PARTY IN INTEREST

The Court should dismiss the Complaint because this action cannot be prosecuted by Plaintiff. Rather, it must be prosecuted by the real parties in interest: the potentially responsible parties ("PRPs") who are signatories to the RD/RA Consent Decree. "An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Only CERCLA "PRPs who have paid for more than their share of remediation costs have the right to sue other PRPs for contribution." *Pasco Sanitary Landfill NPL Site Indus. Waste Area Generator Grp. III v. Basin Disposal, Inc.*, No. 4:15-cv-5022, 2015 WL 12516735, at *2 (E.D. Wash. Nov. 16, 2015) (citations omitted) (granting motion to dismiss because unincorporated association of PRPs was not real party in interest). Site groups that are comprised of PRPs do not have a right to sue for contribution, as only group members have that right. *Id.* (citation omitted) ("Therefore, under the statute, the 16 member PRPs are the real parties in interest—not IWAG III."); *Boarhead Farm Agreement v. Advanced Envtl. Tech. Corp.*, 381 F. Supp. 2d 427, 432-33 (E.D. Pa. 2005) ("[T]his

4

Court concludes that the individual Agreement Group members are the real parties in interest . . . ."). This is true even where "PRPs paid for remediation by contributing to the Agreement Group which, acting as an intermediary, then pooled the funds and paid the contractors conducting remediation." *Boarhead*, 381 F. Supp. 2d at 432.

Because Plaintiff pleads that its twelve members – and not Plaintiff itself – are PRPs, it cannot maintain this action. Importantly, there is no allegation in the Complaint that Plaintiff is a PRP or that it signed the RD/RA Consent Decree. *See generally* Dkt. 1. Rather, Plaintiff alleges that its twelve members settled with the EPA and State of Maryland and that its members "are signatories to the RD/RA Consent Decree." *Id.* ¶¶ 22, 29. Moreover, it was the "members of the 68th Street Site Work Group," not Plaintiff, who (1) "entered into an Administrative Settlement Agreement and Order for Remedial Investigation and Feasibility Study" with EPA; and (2) completed a Remedial Investigation Report and Feasibility Study Report. *Id.* ¶¶ 16, 20.

Anticipating Plaintiff's opposition, C&I Leasing acknowledges that Fed. R. Civ. P. 17(a)(3) provides that a court should "not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." However, this "escape clause" is inapplicable when "determination of the correct party to bring the action was not difficult and when no excusable mistake was made." *Pasco Sanitary Landfill*, 2015 WL 12516735, at *2 (citation omitted). Here, Plaintiff's failure to prosecute this action in the name of the real parties in interest is inexcusable because its attorneys – The Justis Law Firm LLC – are the same attorneys who represented the site group that had its complaint dismissed in *Pasco Sanitary Landfill*. *Id.* (Attorneys and Law Firms). For these reasons, the Court should dismiss the Complaint because this action is not being prosecuted by the real parties in interest.

5

V.   **THE COMPLAINT FAILS BECAUSE PLAINTIFF DOES NOT PLEAD FACTS THAT ESTABLISH C&I LEASING IS THE SUCCESSOR-IN-INTEREST TO THE FIVE PEPSI ENTITIES**

Even if Plaintiff were allowed to pursue this action as the real party in interest, its claims against C&I Leasing still fail because it has not plausibly alleged that C&I Leasing is a successor in interest to five Pepsi entities. The Fourth Circuit has identified "four limited scenarios in which a corporation which acquires the assets of another shares the CERCLA liabilities of its predecessor: '(1) the successor expressly or impliedly agrees to assume the liabilities of the predecessor; (2) the transaction may be considered a de facto merger; (3) the successor may be considered a 'mere continuation' of the predecessor; or (4) the transaction is fraudulent.'" *Carolina Power & Light Co. v. 3M Co.*, No. 5:08-cv-460, 2010 WL 11420854, at *16 n.26 (E.D.N.C. Mar. 24, 2010) (quoting *United States v. Carolina Transformer Co.*, 978 F.2d 832, 838 (4th Cir. 1992)). Successor liability, however, "'is not required unless justified by the facts of each case.'" *Id.* at *16 (quoting *Carolina Transformer*, 978 F.2d at 837). To survive a motion to dismiss, a complaint must allege "facts that would give notice to successor defendants as to the particular theory of successor liability that claimants seek to put forward." *Id.* (granting motion to dismiss).[2]

Rather than identifying the successor liability theory for which it seeks to hold C&I Leasing liable and pleading facts to make that theory plausible, Plaintiff instead makes the conclusory allegation that C&I Leasing "is the successor to" Allegheny Beverage Company, Allegheny Pepsi-Cola Bottling Company, American Brewery, Inc., Pepsi Cola Bottling Co. and Suburban Club

---

[2] Originally, the *Carolina Power* court granted dismissal with prejudice. However, on a motion for reconsideration, it changed the dismissal to without prejudice and granted leave to file an amended complaint. *See Carolina Power & Light Co. v. 3M Co.*, No. 5:08-cv-460, 2010 WL 2837009, at *3 (E.D.N.C. July 19, 2010).

Beverage (the "Pepsi Entities"). *See* Dkt. 1 ¶ 211.[3] This unsupported allegation is almost identical to that in *Carolina Power*, where the court dismissed a complaint "which state[d] only that defendants are 'successors in interest to' and/or 'responsible for the environmental liabilities of' various persons." *Carolina Power*, 2010 WL 11420854, at *16. That decision is in line with numerous courts from other circuits that have granted motions to dismiss for failure to plausibly allege successor liability. *See Andres v. Town of Wheatfield*, No. 1:17-cv-377, 2020 WL 7764833, at *11-12 (W.D.N.Y. Dec. 30, 2020); *Garrett Day LLC v. Int'l Paper Co.*, No. 3:15-cv-36, 2016 WL 613005, at *5 (S.D. Ohio Feb. 12, 2016); *New York v. Town of Clarkstown*, 95 F. Supp. 3d 660, 682-83 (S.D.N.Y. 2015); *Precision Brand Prods., Inc. v. Downers Grove Sanitary Dist.*, No. 08-cv-5549, 2011 WL 3489844, at *4 (N.D. Ill. Aug. 8, 2011); *Ferguson v. Arcata Redwood Co., LLC*, No. 03-05632, 2004 WL 2600471, at *5 (N.D. Cal. Nov. 12, 2004) ("Plaintiff has failed to allege facts sufficient to support any of the four exceptions to the general rule that asset purchasers are not liable as corporate successors."). For these reasons, Plaintiff's allegations are insufficient, and the Court should dismiss the Complaint as to C&I Leasing.

## VI. THE COMPLAINT FAILS BECAUSE PLAINTIFF DOES NOT PLEAD FACTS THAT ESTABLISH C&I LEASING ARRANGED FOR THE DISPOSAL OF HAZARDOUS SUBSTANCES

Even if Plaintiff were the real party in interest, and if it had plausibly pled successor liability, its CERCLA contribution claim still fails because it has not pled facts that, taken as true, establish C&I Leasing arranged for the disposal of hazardous substances. When a PRP has resolved its liability to the United States or a State through a judicially approved settlement, it

---

[3] Although Plaintiff also alleges that C&I leasing was "formerly known as and/or also known as" the Pepsi Entities, Dkt. 1 ¶ 211, the Court need not accept this conclusory allegation as true. By pleading that C&I Leasing "is the successor to and/or formerly known as and/or also known as" the Pepsi Entities, Plaintiff is simply throwing unsupported allegations at the wall in the hope that one sticks. Its allegations are, thus, not plausible.

7

"may seek contribution from any person who is not party to a settlement" and "who is liable or potentially liable under section 9607(a) of" CERCLA. 42 U.S.C. § 9613(f)(1), (3). An entity is "potentially liable under section 9607(a)" if it (1) is the current owner or operator of a facility; (2) owned or operated the facility at time of disposal of hazardous substances; (3) arranged for disposal of hazardous substances at a facility; or (4) accepted hazardous substances for transport to a facility. *See* 42 U.S.C. § 9607(a).

Rather than identifying which of these four theories allegedly creates PRP liability as to C&I Leasing, Plaintiff instead alleges in a conclusory fashion that each defendant is liable as an arranger or transporter of hazardous substances. *See* Dkt. 1 ¶ 1205.[4] The Court should reject this legal conclusion because Plaintiff pleads no facts to support either arranger or transporter liability as to C&I Leasing. Assuming Plaintiff is asserting an arranger liability theory as to C&I Leasing, Plaintiff's claim fails for the following four reasons.

***First***, there are no facts concerning how C&I Leasing "arranged for disposal." To survive a motion to dismiss, a plaintiff must plead the defendant "entered into a transaction with the purpose of discarding a hazardous substance." *Dixon Lumber Co. v. Austinville Limestone Co.*, No. 7:16-cv-130, 2017 WL 4933053, at *4 (W.D. Va. Oct. 31, 2017) (granting motion to dismiss); *see also United States v. N. Landing Line Constr. Co.*, 3 F. Supp. 2d 694, 701 (E.D. Va. 1998) (noting that the defendant must have "made the crucial decision to send the" hazardous substances to the disposal facility and "'had some actual involvement in the decision to dispose of waste'"

---

[4] For other defendants, Plaintiff at least makes a threadbare recital of the elements, alleging that they "by contract, agreement or otherwise, arranged for disposal or treatment, or arranged with a transporter for the transport or treatment of waste containing hazardous substances at the 68th Street Site." *See, e.g.*, Dkt. 1 ¶¶ 30, 36, 45. There is no such allegation regarding C&I Leasing. *See id.* ¶¶ 211-20. To be sure, even if Plaintiff did allege this "'formulaic recitation of the elements'" against C&I Leasing, it would be insufficient. *See Desgraviers*, --- F. Supp. 3d ---, 2020 WL 6826551, at *2 (granting motion to dismiss) (Gallagher, J.).

8

(quoting *Gen. Elec. Co. v. AAMCO Transmissions, Inc.*, 962 F.2d 281, 286 (2d Cir. 1992))). Plaintiff's Complaint fails because just as in *Dixon Lumber*, "not a single 'transaction' has been alleged" concerning C&I Leasing's purported disposal. *Dixon Lumber*, 2017 WL 4933053, at *4. Courts also consider "who decided to place the waste into the hands of a particular facility that (now) contains the hazardous waste.'" *Allied Towing Corp. v. Great E. Petroleum Corp.*, 642 F. Supp. 1339, 1350 (E.D. Va. 1986) (quoting *United States v. A & F Materials Co.*, 582 F. Supp. 842, 845 (S.D. Ill. 1984)). Again, because there is no allegation that C&I Leasing "determined where to place the substance," the Complaint fails. *Id.* (granting motion to dismiss); *see also N. Landing*, 3 F. Supp. 2d at 701 (granting directed verdict because there was no evidence the defendant "knew or should have known that the [hazardous substances] would ultimately arrive at the Sutton Site").

**Second**, the Complaint fails because it does not plead facts concerning the purported "release, or threatened release" of hazardous substances. Rather, it alleges only in a conclusory fashion that there "has been a 'release' and/or a threatened 'release' of 'hazardous substances' at the 68th Street Site." *See* Dkt. 1 ¶ 1202; *see also id.* ¶¶ 1, 3, 25, 1206, 1208. Plaintiff's failure to allege facts concerning this element dooms its claim. *See Bryant v. Colonial Pipeline Co.*, 699 F. Supp. 546, 548-49 (W.D. Va. 1987) (granting motion to dismiss because "a plaintiff must allege a release or threatened release of a hazardous substance" and plaintiffs "have not alleged a release or threatened release of either the hazardous substance when it was hazardous, or the trace amounts of mercury and arsenic"); *Allied Towing*, 642 F. Supp. at 1350 ("Publicker owns a facility, but it doesn't appear from the complaint that there is a current threat of release of any toxic substance from that facility which may have caused Towing economic damage.").

9

***Third***, Plaintiff has not pled facts concerning the facility at which C&I Leasing purportedly arranged for disposal. CERCLA defines "facility" as "(A) any building, structure, installation, equipment, pipe or pipeline[,] . . . well, pit, pond, lagoon, impoundment, ditch, landfill, storage container, motor vehicle, rolling stock, or aircraft, or (B) any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located . . . ." 42 U.S.C. § 9601(9). Interpreting this term, the Fourth Circuit has held that a CERCLA "facility" is not an entire CERCLA site; rather, it is only the area "where hazardous substances have come to be located." *Nurad, Inc. v. William E. Hooper & Sons Co.*, 966 F.2d 837, 842-43 (4th Cir. 1992). *Nurad* is instructive because, there, the court rejected the plaintiff's argument "that the 'facility' at issue here encompassed the entire Nurad site" and, instead, held that "the relevant 'facility' is properly confined to" the storage tanks where the hazardous substances were located. *Id.* Although the Complaint notes that the Site "is an aggregate of seven landfills" and has been divided into five Management Areas, which include the landfills, streams, wetlands, a concrete plant, and a junkyard, *see* Dkt. 1 ¶¶ 4-11, Plaintiff does not identify at which of these locations C&I Leasing purportedly arranged for disposal of wastes. Instead, Plaintiff makes the overly broad allegation that the "68th Street Site is a 'facility' within the meaning of Section 101(9) of CERCLA." *Id.* ¶ 1201. This is the same allegation that the Fourth Circuit rejected in *Nurad*, and Plaintiff's Complaint, thus, fails.

***Fourth***, the Court should dismiss Plaintiff's Complaint because it does not identify any "hazardous substances" that C&I Leasing purportedly owned or possessed and arranged for the disposal of. As the Complaint acknowledges, CERCLA defines hazardous substances "by reference to a list of substances published by EPA at 40 C.F.R. § 302.4." *See* Dkt. 1 ¶ 1196. Rather than identifying any hazardous substances from this list that were disposed of at the Site, Plaintiff

10

vaguely alleges that records indicate "waste streams attributable to" C&I Leasing include "empty drums and soda cans." *Id.* ¶ 218.  This is problematic because neither "empty drums" nor "soda cans" appear on EPA's list of hazardous substances.  *See* 40 C.F.R. § 302.4.  Plaintiff's use of the CERCLA "buzz word" of "hazardous substances" – without identifying any hazardous substances on EPA's list – is not enough to plausibly plead a CERCLA claim.  *See Am. Alternative Ins. Co. v. Moon Nurseries, Inc.*, No. 11-cv-2267, 2012 WL 892620, at *8 (D. Md. Mar. 14, 2012) (granting motion to dismiss CERCLA claim because complaint was "replete with the use" of "'buzz words'" that constituted "'a mere formulaic recitation'" of CERCLA elements (quoting *Twombly*, 550 U.S. at 555)); *see also J & P Dickey Real Estate Family Ltd. P'ship v. Northrop Grumman Guidance & Elecs. Co.*, No. 2:11-cv-37, 2012 WL 925015, at *5 (W.D.N.C. Mar. 19, 2012) ("Plaintiffs, however, must allege more than a formalistic recitation of the elements of a CERCLA claim to state a claim in federal court." (citing *Twombly*, 550 U.S. at 555)).  Even assuming, *arguendo*, that Plaintiff plausibly identified hazardous substances, the Complaint still fails because it does not allege that C&I Leasing "owned or possessed" these substances.  *United States v. Iron Mountain Mines, Inc.*, 881 F. Supp. 1432, 1451 (E.D. Cal. 1995) ("No court has imposed arranger liability on a party who never owned or possessed, and never had any authority to control or duty to dispose of, the hazardous materials at issue." (citation omitted)) (granting motion to dismiss).  For this additional reason, the Court should dismiss Plaintiff's Complaint.

### VII. EVEN IF PLAINTIFF COULD PLAUSIBLY STATE A CLAIM, DISMISSAL IS WARRANTED WITH PREJUDICE BECAUSE ALL CLAIMS CONCERNING MUNICIPAL SOLID WASTE WERE WAIVED IN THE CONSENT DECREE

Even if Plaintiff could plead facts establishing arranger liability, its claims still fail due to waiver of all claims concerning the disposal of Municipal Solid Waste ("MSW") at the Site.  In the RD/RA Consent Decree it was agreed:

> *not to assert any claims and to waive all claims or causes of action* (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that [signatories] may have for all matters relating to the [68th Street Site] against any person where the person's liability to [signatories] with respect to the Site is *based solely on having arranged for disposal or treatment, . . . of Municipal Solid Waste (MSW) at the Site*, if the volume of MSW disposed, treated or transported by such person to the Site did not exceed 0.2 percent of the total volume of waste at the Site.

RD/RA Consent Decree ¶ 106 (emphasis added). CERCLA defines MSW as:

> *material* generated by a household (including a single or multifamily residence); and *generated by a commercial, industrial, or institutional entity, to the extent that the waste material (i) is essentially the same as waste normally generated by a household*; (ii) is collected and disposed of with other municipal solid waste as part of normal municipal solid waste collection services; and (iii) contains a relative quantity of hazardous substances no greater than the relative quantity of hazardous substances contained in waste material generated by a typical single-family household.

42 U.S.C. § 9607(p)(4)(A) (emphasis added). Plaintiff's claims are barred because the wastes purportedly attributable to C&I Leasing – empty drums and soda cans – fit this definition. *See* Dkt. 1 ¶ 218.

First, these wastes are "essentially the same as waste normally generated by a household." 42 U.S.C. § 9607(p)(4)(A)(ii)(I). Second, although Plaintiff pleads no facts concerning how these drums and cans were collected and disposed of, there is no reason to believe the wastes were not "collected and disposed of with other municipal solid waste as part of normal municipal solid waste collection services." *Id.* § 9607(p)(4)(A)(ii)(II). Third, there is no reason to believe the drums and cans contained a relative quantity of hazardous substances "greater than the relative quantity of hazardous substances contained in waste material generated by a typical single-family household." *Id.* § 9607(p)(4)(A)(III). Indeed, the Complaint expressly acknowledges that "solid and liquid municipal" wastes were disposed of at the Site. *See* Dkt. 1 ¶ 6.[5]

---

[5] Plaintiff knows an allocation report was prepared for this Site, which it has not provided to C&I Leasing. Although claims for MSW are barred only where the disposed of waste does "not exceed

12

For this additional reason, even if Plaintiff were the real party in interest and pled facts concerning successor and arranger liability, the Court should dismiss its CERCLA contribution claim with prejudice.

## VIII. BECAUSE THE CERCLA CLAIM FAILS, C&I LEASING IS ENTITLED TO A DECLARATION THAT IT IS NOT LIABLE FOR FUTURE RESPONSE COSTS

Because C&I Leasing is not liable to Plaintiff for contribution under CERCLA, C&I Leasing is entitled to a declaration that it is not liable for response costs. When a Plaintiff brings both CERCLA and declaratory judgment claims and the CERCLA claim is dismissed, the defendant is entitled to a declaration that it is not liable. *See PRSC, LLC v. Admiral, Inc.*, No. 8:08-cv-1379, 2009 WL 10685578, at *6-7 (D. Md. Mar. 10, 2009) ("Count III seeks a declaration that Defendant is liable for its equitable share of future response costs. Even though the complaint will be dismissed, the court will declare the rights of the parties as requested."); *see also Trimble v. Asarco, Inc.*, 232 F.3d 946, 958 (8th Cir. 2010) ("However, a plaintiff cannot obtain declaratory relief pursuant to § 9613(g)(2) without having incurred response costs within the meaning of § 9607(a)(4)(B)."), *overruled on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *Gussack Realty Co. v. Xerox Corp.*, 224 F.3d 85, 92 (3d Cir. 2000) ("With the CERCLA claim dismissed, we see no basis for sustaining the district court's order that plaintiffs indemnify Xerox for future response costs Xerox might incur remediating plaintiffs' property."); *La Loma Grande LLC v. United States*, No. 11-cv-476, 2017 WL 6061610, at *1 (D. Ariz. Mar. 7, 2017) (noting that "declaratory relief under 42 U.S.C. § 9613(g)(2) is unavailable absent a viable claim under 42 U.S.C. § 9607(a)"), *aff'd*, 742 F. App'x 288 (9th Cir. 2018). For these reasons,

---

0.2 percent of the total volume of waste at the Site," RD/RA Consent Decree ¶ 106, it is quite telling that Plaintiff has not alleged that C&I Leasing's share of waste exceeded this threshold. Its failure to make this allegation further supports dismissal under the RD/RA Consent Decree because Plaintiff is unable to make the necessary allegation to proceed.

Plaintiff is not entitled to the relief it seeks under Count II, and C&I Leasing is entitled to a declaration that it is not liable for response costs.

## IX. CONCLUSION

For these reasons, Defendant C&I Leasing respectfully requests that the Court grant its motion to dismiss. Although dismissal for failure to state a claim is normally without prejudice, here dismissal should be with prejudice because, in the RD/RA Consent Decree, all claims concerning Municipal Solid Waste were waived.

Dated: March 11, 2021                         Respectfully submitted,

/s/ Jason R. Scherr
Jason R. Scherr
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW
Washington, DC 20004
Telephone: 202.739.3000
Fax: 202.739.3001
jr.scherr@morganlewis.com

Stephen E. Fitzgerald*
Morgan, Lewis & Bockius LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
Telephone: 214.466.400
Fax: 214.466.4001
stephen.fitzgerald@morganlewis.com

*pro hac vice application on file

Attorneys for Defendant C&I Leasing, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of March 2021, I served C&I Leasing's (1) Motion to Dismiss; (2) Proposed Order; and (3) Memorandum of Law in Support of Motion with exhibit thereto by filing the same via ECF to distribute to all counsel of record.

*/s/ Jason R. Scherr*
Jason R. Scherr