**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 21, 2021

LETTER OPINION AND ORDER

      RE:    *68th Street Work Group v. 7-Eleven, Inc.*
                Civil No. SAG-20-3385

Dear Counsel:

      Plaintiff 68th Street Site Work Group ("Plaintiff") filed a complaint against 156 Defendants, including 7-Eleven, Inc. ("7-Eleven"), seeking contribution and declaratory relief under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601–75. ECF 1. 7-Eleven has filed a Motion for a More Definite Statement, ECF 381. I have considered the motion, along with Plaintiff's opposition and 7-Eleven's reply. ECF 532; ECF 562. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the motion will be granted.

      Plaintiff's complaint asserts that "According to 68th Street Site records, 7-Eleven" and several "7 11 Stores . . . by contract, agreement or otherwise, arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment of waste containing hazardous substances at the 68th Street Site." ECF 1 ¶ 30. The "7 11 Stores" or "Seven Eleven Stores" are solely identified in the complaint by one- or two-digit numbers. *Id.* ("7 11 Stores No 3; 7 11 Stores No 4; . . . Seven Eleven Store 44 . . . ."). 7-Eleven asserts that the numbers in the complaint "do not correlate to the store numbering system used by 7-Eleven." ECF 381-1 (Aff. of Arron Yount, Director, Franchise Sales & Services of 7-Eleven). Without more identifying information, such as the street address, 7-Eleven asserts that it cannot reasonably provide an answer to Plaintiff's allegations since it has no way of knowing whether the alleged "7 11 Stores" were even owned by 7-Eleven or if they were owned and operated by franchisees. As explained below, this Court agrees.

      Federal Rule of Civil Procedure 12(e) allows a defendant to request a more definite statement when the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The decision to grant a Rule 12(e) motion is "generally left to the district court's discretion." *Hodgson v. Va. Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973). Courts have noted that these motions are "disfavor[ed]" or "rarely granted," largely because other procedures are often better suited to address apparent lack of detail in a pleading. *Maryland v. Exxon Mobil Corp.*, 406 F. Supp. 3d 420, 479–80 (D. Md. 2019) (quoting *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999)); *Pugh v. EEOC*, No. DKC 13-2862, 2014 WL 2964415, at *4 (D. Md. June 30, 2014) (explaining a 12(e) motion "is designed to strike at unintelligibility rather than simple want of detail" (quoting *Frederick v. Koziol*, 727 F. Supp. 1019, 1021 (E.D. Va. 1990))); *Lincoln Lab'ys, Inc. v. Savage Lab'ys, Inc.*, 26 F.R.D. 141, 142–43 (D.

Del. 1960) (describing 12(e) motions as "prone for implementation of barristerial shadow boxing" that should only be sought out of "strictest necessity"); *see also* Charles Alan Wright et al., *Federal Practice and Procedure* § 1376 (3d ed. 2004) ("The class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small."). In some cases, a "[p]rompt resort to discovery provides adequate means for ascertaining the facts" and a court should deny the motion. *Hodgson*, 482 F.2d at 824 (holding a plaintiff need not provide a more detailed pleading with the specific names, job titles, wages, and hours worked of every hospital employee that was allegedly paid incorrectly in a Fair Labor Standards Act case); *Exxon Mobil Corp.*, 406 F. Supp. 3d at 479–80 (denying 12(e) motion where detail requested would be found in discovery "and, in fact, defendants [were] likely in a better position to know many of the relevant facts"). But where the defendant does not have "enough information to frame an adequate answer," an order for a more definite statement is appropriate. *Re/Max v. Underwood*, No. WDQ-10-2367, 2011 WL 2118911, at *2 (D. Md. May 25, 2011) (quoting *Streeter v. SSOE Sys.*, No. WMN-09-CV-01022, 2009 WL 3211019, at *10 (D. Md. Sept. 29, 2009)) (granting 12(e) motion where defendant could not reasonably determine from the complaint which trademark was allegedly infringed upon); *see also Clark v. McDonald's Corp.*, No. CV 02-0247(RBK), 213 F.R.D. 198, 234 (D.N.J. 2003) (requiring plaintiff to provide information to identify which McDonald's restaurants allegedly violated plaintiff's rights). If a party "cannot respond—even with a simple denial—in good faith, without prejudice to himself," the motion should be granted. Wright et al., *supra*, § 1376.

Here, Plaintiff responds to 7-Eleven's motion by reiterating that it has pleaded facts that allege the harm and wrongful conduct at issue. ECF 532 at 3–4. The complaint describes the 68th Street Site, the Environmental Protection Agency's efforts to remove hazardous substances and further remediate the site, and Plaintiff's response costs for which it seeks contribution from 7-Eleven. ECF 1 ¶¶ 4–25. These allegations generally address the location and type of harm, but they do little to illustrate how the harm is attributable to 7-Eleven, the corporate entity. Though Plaintiff has identified thirty-two "7 11 Stores" that arranged for the disposal of waste at the 68th Street Site, *id.* ¶ 30, it is unclear what store numbering system is being referenced, and there is no other identifying information about the stores in the complaint. If 7-Eleven cannot even determine whether it owned the individual stores at issue, it cannot adequately respond to the allegations. *See Clark*, 213 F.R.D. at 234 ("Without information as to which of its restaurants are at issue, McDonald's can neither admit, nor in good faith deny, the allegations . . . ."). Though often the particulars of defendants' alleged conduct can be elucidated in formal discovery, without knowing which stores are even accused of wrongdoing and whether they belong to 7-Eleven, discovery cannot effectively proceed.

*68th Street Site Work Group v. 7-Eleven, Inc.*
Civil No. SAG-20-3385
June 21, 2021
Page 3

      Therefore, the Court orders Plaintiff to submit a more definite statement as to the allegations against 7-Eleven within fourteen days from the date of this letter. Plaintiff shall provide the address, or other sufficiently identifying information, for each of the stores identified in Paragraph 30 of the Complaint. For the reasons set forth herein, 7-Eleven's Motion for a More Definite Statement, ECF 381, is GRANTED. Despite the informal nature of this letter, it should be flagged as an opinion and order.

                                                Sincerely yours,

                                                      /s/

                                                Stephanie A. Gallagher
                                               United States District Judge