**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| 68th STREET SITE WORK GROUP, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: SAG-20-3385 |
| AIRGAS, INC., et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Presently pending before this Court is a motion filed by Plaintiff 68th Street Site Work Group ("Plaintiff") seeking "Reimbursement of Costs for Formal Service and for Seeking Default Against Multiple Defendants." ECF 761. Four of the defendants referenced in the motion filed oppositions: Airgas, Inc. ("Airgas"), ECF 765, Drug City Pharmacy, LLC ("Drug City"), ECF 766, Long & Foster Real Estate, Inc. ("Long & Foster"), ECF 762, and NL Industries, Inc. ("NL"), ECF 764. Plaintiff then filed an omnibus reply, ECF 772. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Plaintiff's Motion will be granted in part and denied in part as to Airgas and Drug City, denied as to L&F, NL, and "Eclipse International, Inc.," and denied without prejudice as to Citifinancial Credit Company ("Citifinancial"), Premier Technology Inc. ("Premier"), and Russell T. Bundy Associates, Inc. ("Bundy").

I. **PROCEDURAL HISTORY**

As has been recited in several prior opinions in this case, Plaintiff initially filed this lawsuit against more than 150 defendants. ECF 1. On December 11, 2020, Plaintiff mailed packages seeking waiver of service to each defendant relevant to this motion. *See, e.g.,* ECF 761-10. While certain defendants contacted Plaintiff after receiving the waiver package, either by way of signing

a formal waiver or engaging in informal communication, others did not. If Plaintiff did not receive a waiver from a defendant, it sought to effect formal service.

Relevant to the instant motion, on July 21, 2021, this Court granted Motions to Vacate Entries of Default filed by Airgas and Drug City. ECF 755. In granting the motion and vacating the defaults, the Court stated, "Plaintiff will be permitted to file a motion seeking reasonable costs, expenses, and attorney's fees incurred in formal service of process and its seeking default against Defendants. The motion should not include any fees or costs associated with opposing the instant motions to vacate the defaults."[1] *Id.* at 13.

Instead of simply filing the motion authorized by this Court, Plaintiff filed the fifteen-page instant motion seeking more expansive relief against nine defendants. One of those defendants, Hilton Worldwide, Inc., has since been dismissed from the instant motion.

The service history as to each defendant referenced in the instant motion is summarized below:

    **A.    Airgas**

On January 4, 2021, Plaintiff delivered a waiver package renewing its pre-litigation settlement offer and including a copy of the file-stamped Complaint, Notice of Lawsuit, Request to Waive Service of Summons, and self-addressed stamped envelope, to Airgas at its headquarters at 259 North Radnor-Chester Rd., Suite 100, Wayne, PA 19087. ECF 731 at 3. In a January 8, 2021 email, Mary C. Doherty, Associate General Counsel for Airgas, acknowledged receipt of the waiver package and expressed willingness to waive service. ECF 731-3; see also ECF 724-2 (Affidavit of Mary C. Doherty), ¶ 6 ("Airgas initially learned of the Complaint and e-mailed

---

[1] ECF 755 also vacated a default entered against a third defendant, Melibelle USA, Inc. ("Melibelle"). The instant motion does not seek any recovery from Melibelle.

Plaintiff regarding its settlement proposal and the possibility of formalizing service of process."). However, Airgas never executed a waiver of service and Plaintiff received no further communication. ECF 731 at 3.

On February 12, 2021, using a process server, Plaintiff effected service upon Jane Woods, identified as an "Executive Assistant & Authorized Agent of Airgas." ECF 237. As described above, Airgas failed to file a timely answer.

### B.     Drug City

On January 22, 2021, Plaintiff delivered a waiver package renewing its pre-litigation settlement offer and including a copy of the file-stamped Complaint, Notice of Lawsuit, Request to Waive Service of Summons, and self-addressed stamped envelope, to Drug City at its headquarters at 2805 N. Point Rd., Baltimore, MD 21222-2413. ECF 732 at 3.

When no response was received, Plaintiff effected service, addressed to George Fotis, Owner of Drug City, upon Marlene Anderson, identified by Plaintiff's Affidavit of Process Server as an "Authorized Agent of Drug City Pharmacy, LLC," at Drug City's headquarters on February 16, 2021. ECF 269. The same day, and the following day, Mr. Fotis called Plaintiff's counsel about the summons. On February 17, 2021, he sent an email to Plaintiff's counsel with an asset purchase agreement attached, and asked if anything else was needed in order for Drug City to be removed from the suit. ECF 732-3. On March 8, 2021, Plaintiff's counsel notified Drug City by email that it intended to continue pursuing its claim. ECF 732 at 5. As described above, Drug City failed to file a timely answer.

### C.     Citifinancial, Premier, and Bundy

Waiver packages were mailed to each of these defendants' headquarters via USPS on December 11, 2020. *See* ECF 761 at 3-4, 9-11. Plaintiff received communications from Premier's

Director of Legal Affairs on December 22, 2020, but Premier did not waive service. *Id.* at 9-10. Plaintiff had no communications with Citifinancial or Bundy. Plaintiff then attempted formal service on each defendant. *Id.* at 3-4, 9-11. On May 7, 2021, Plaintiff filed a Motion for Clerk's Entry of Default as to each defendant, and the Clerk entered default and issued notices of default on May 14, 2021. ECF 650, 659, 661. Plaintiff has not yet sought default judgment as to any of the three defendants.

### D. "Eclipse International, Inc."/Mattress Development Company

On December 11, 2020, Plaintiff sent a waiver package renewing its pre-litigation settlement offer and including a copy of the file-stamped Complaint, Notice of Lawsuit, Request to Waive Service of Summons, and self-addressed stamped envelope, addressed to Stuart Carlitz, CEO of "Eclipse International, Inc." at 1375 Jersey Ave., North Brunswick, NJ 08902. ECF 728-1, 728-2. An attorney for Mattress Development Company of Delaware, LLC ("Mattress Development Company"), Mr. Carlitz's company, contacted Plaintiff's counsel on December 21, 2020. Despite some ongoing communications, Mattress Development Company did not waive service.

On March 10, 2021, Plaintiff effected formal service on "Mattress Development Company of Delaware, LLC d/b/a Eclipse International, Inc." through its registered agent, The Corporate Trust Company. ECF 380. However, The Corporate Trust Company rejected service, because the name on the summons did not match Mattress Development Company, as it had never done business as "Eclipse International, Inc." ECF 728-3. Instead, Plaintiff served Mattress Development Company at its corporate headquarters on March 22, 2021. ECF 453. Despite requests for reimbursement of the costs of formal service, Mattress Development Company has not reimbursed Plaintiff.

### E.   Long & Foster

On December 11, 2021, Plaintiff mailed a waiver package renewing its pre-litigation settlement offer and including a copy of the file-stamped Complaint, Notice of Lawsuit, Request to Waive Service of Summons, and self-addressed stamped envelope, to Jeffrey S. Detwiler, President of Long & Foster at 14501 George Carter Way, Chantilly, VA  20151-1787.  ECF 761-8.  The USPS Delivery Confirmation reflects that the package was picked up at the postal facility on December 18, 2020.  *Id.*  Plaintiff received no communication in response to the waiver package.

On February 11, 2021, a process server served "Jameelah Sessions, Authorized Agent" at 14501 Sweitzer Ln., Chantilly, VA.  ECF 245.   Long & Foster has declined to reimburse service costs.

### F.   NL

On December 11, 2021, Plaintiff mailed a waiver package renewing its pre-litigation settlement offer and including a copy of the file-stamped Complaint, Notice of Lawsuit, Request to Waive Service of Summons, and self-addressed stamped envelope, to John R. Powers, III, General Counsel of NL Industries at 5430 LBJ Freeway, Suite 1700, Dallas, TX 75240-2620.  ECF 761-9.  The USPS Delivery Confirmation states that the package was delivered "in or at the mailbox" on December 17, 2020.  *Id.*  NL did not respond to the waiver package.

On February 24, 2021, a process server served NL's registered agent, Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service.  ECF 382.  On February 25, 2021, a process server served NL's corporate office at 5430 LBJ Freeway, #1700.  ECF 761 at 9.  In June, 2021, NL reimbursed Plaintiff for the cost of the first service.

## II.     ANALYSIS

### A.     THE THREE DEFAULTING DEFENDANTS

This Court is of the view that Plaintiff's claims for expenses from Citifinancial, Premier, and Bundy will be best addressed in the context of an eventual motion for default judgment against each entity. Those three defendants have not yet appeared in this case in any respect, whether due to their disregard of the litigation or due to ineffective notice having been provided. The default judgment process will maximize the opportunities to obtain responses from the defaulting businesses. Thus, Plaintiff's motion will be denied without prejudice to including the same arguments relating to collection of default and service costs in appropriate motions for default judgment filed as to each defendant.

### B.  FED. R. CIV. P. 4(d)

Fed. R. Civ. P. 4(d) addresses waiver of service. Rule(4)(d)(1) reads: "An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Rule 4(d)(2) provides the following remedies for the failure of a defendant to waive service:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
>> (A) the expenses later incurred in making service; and
>> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

*Id.* This Court's Local Rules impose an additional, related requirement:

> Whenever the waiver procedure under Fed. R. Civ. P. 4(d) is invoked, counsel shall submit to the Clerk a notice identifying the defendant(s) to whom the notice and

>request to waive service of summons is being sent. The notice shall be filed upon the filing of the complaint or such later date that counsel decides to invoke the waiver procedure.

Loc. R. 103.2(c). The subsection of the Local Rule does not specify the ramifications for a failure to comply.

Plaintiff did not comply with the plain letter of the Local Rule. The docket does not reflect any notices being filed with the Clerk to suggest Plaintiff's invocation of the waiver procedure, despite the fact that Plaintiff apparently invoked it more than 150 times for each of the defendants it sued. Plaintiff's argument that it complied with the Local Rule by filing waivers of service, once received from defendants, is unpersuasive. The Local Rule clearly contemplates that the notice be filed with the Clerk simultaneously with sending each request to waive service. *See id.* (using the present tense "is being sent.")

That said, the Local Rule specifies no sanction for a violation. The one case to have addressed this rule, *Kiddie Academy Domestic Franchising LLC v. Wonder World Learning, LLC*, Civ. No. ELH-17-3420, 2019 WL 6117410 at *18 (D. Md. Nov. 15, 2019), presented an easier circumstance. The plaintiff in that case had not complied with Local Rule 103.2(c) but also had not fulfilled the more basic requirements of Fed. R. Civ. P. 4(d)(1). Because of the failure to comply with Rule 4(d)(1), Judge Hollander concluded that the plaintiff could not appropriately obtain reimbursement under Rule 4(d)(2).

In this case, it appears that Plaintiff complied with the dictates of Rule 4(d)(1). Thus, this Court is not inclined to enforce its Local Rule at the expense of the mandatory award of certain expenses set forth in the Federal Rule of Civil Procedure. It will turn to whether each remaining defendant must reimburse Plaintiff for service costs pursuant to Rule 4(d)(2).

### 1. LONG AND FOSTER

Plaintiff is not entitled to recover any "expenses incurred in making service" because it never served Long & Foster. Inexplicably, given that Plaintiff had mailed the waiver package to Long & Foster at a valid address, Plaintiff's formal service of process was delivered to an address that does not exist in Chantilly, Virginia. Moreover, the address Plaintiff formally served is not associated with Long & Foster. Long & Foster subsequently waived service, and Plaintiff has proceeded on that waiver without making further attempt to serve Long & Foster. ECF 426. Accordingly, there are no valid "expenses incurred in making service" to recover under Rule 4(d)(2).

### 2. NL

Plaintiff chose to serve NL twice. NL reimbursed Plaintiff for the first service well before the instant motion was filed. Plaintiff has not, anywhere in its briefing, even attempted to provide a justification for its duplicative service. Rule 4(d)(2) only requires reimbursement of "the expenses later incurred in making service." The rule does not require reimbursement for any number of services that a plaintiff might choose to effect. Construing the rule in that manner would invite abuse by plaintiffs who could "run up" the costs of service unnecessarily by serving defendants in multiple ways. This Court therefore concludes that NL has already reimbursed the expenses Plaintiff incurred in making service and Plaintiff is not entitled to further reimbursement under Rule 4(d)(2).

### 3. AIRGAS, DRUG CITY, and MATTRESS DEVELOPMENT COMPANY

Service of process is defective as to each of these three defendants. Plaintiff attempted to serve Airgas in Pennsylvania, which requires service to be made on "any partner, officer, trustee or registered agent," the "manager, clerk or other person for the time being in charge of any regular

place of business," or "an agent authorized by the association in writing to receive service of process for it."  Pennsylvania Rule 402.2.  Instead, Plaintiff's process server served an administrative assistant, Jane Woods, who is not a "partner, officer, trustee or registered agent" and was not "for the time being in charge of any regular place of business."  ECF 724-4.  In fact, Airgas attributes its delayed response to the Complaint to Plaintiff's defective service on Woods, because most employees were working from home and the papers delivered to Woods did not reach the appropriate persons.  *Id.*

Service on Drug City was similarly defective under Maryland law, which requires service on an LLC to be made through its registered agent.  If no registered agent exists or if a good faith attempt to serve a registered agent has failed, service may be made "upon any member or other person expressly or impliedly authorized to receive service of process."  Maryland Rule 2-124(h).  In the case of Drug City, Plaintiff served Marlene Anderson, a store manager who is neither a registered agent nor "expressly or impliedly authorized to receive service of process."  ECF 722-4.

Finally, with respect to Mattress Development Company, Plaintiff's original attempted service was rejected by The Corporation Trust Company because it named an entity that does not exist, given that Mattress Development Company has never done business as "Eclipse International, Inc."  Plaintiff then served the Complaint to Stuart Carlitz, misidentifying him as the CEO of "Eclipse International, Inc."  Mr. Carlitz never has had any such affiliation with an "Eclipse International, Inc."  ECF 701-2 (Carlitz Aff.) at ¶ 9.  Rather, Mr. Carlitz is the President and CEO of Mattress Development Company, an entity completely separate from and unaffiliated with any "Eclipse International, Inc.  *Id.* at ¶ 3.  Therefore, Plaintiff has failed to serve Mattress Development Company or Eclipse International, Inc.  in a manner permitted by Rule 4.

In arguing that any impropriety in its service should be disregarded, Plaintiff cites multiple cases suggesting that "the jurisdiction of the court" should not be disturbed in cases where defendants had actual notice of the suit. ECF 761 at 12. The issue here, though, is not one of whether the case can or will proceed against these defendants, but simply whether Plaintiff should be entitled to recover expenses from the defendants incurred during ineffective attempts to effect service. In this Court's view, because the plain language of the Rule allows recovery for the "expenses later incurred in making service," there is nothing to be recovered if valid service has not yet been made. Thus, this Court declines to award expenses pursuant to Rule 4(d) as to Airgas, Drug City, or Mattress Development Company.

### C. PLAINTIFF'S EXPENSES FOR SEEKING DEFAULT AGAINST AIRGAS AND DRUG CITY

This Court is left, then, where it intended to start – with a relatively narrow motion for attorneys' fees related to Plaintiff's need to seek default against Airgas and Drug City before those entities responded in the litigation. This Court's review of the timesheets submitted by Plaintiff's counsel in connection with the instant motion was troubling, at best. Although no fees are being awarded for the preparation of the instant motion, the Court notes that counsel's time entries are illogical to the point of appearing implausible. According to the records submitted, on July 8, 2021, Attorney Rachel D. Guthrie spent 5.0 hours "preparing Plaintiff's Motion and Exhibits." Inexplicably, two weeks later, on July 22, 2021, attorney Matthew T. Merryman then spent exactly 5.0 hours on exactly the same task, also using the verb "preparing," with no indication that he had been editing or reviewing the draft purportedly prepared by Guthrie. Two days later, on July 23, 2021, Guthrie billed 0.3 hours for communicating with local attorneys to ascertain market rates. Three days later, Guthrie billed 1.7 hours for "finalizing motion and affidavit in support, legal research relating to same." Guthrie's total hours billed with respect to the motion, then, was

10

exactly 7 hours.  Despite Guthrie's work "finalizing" the motion, on August 4, 2021, Merryman spent another 2 hours on "final review and preparation" of the same motion.  That entry brought his total time for the motion to exactly 7 hours.  The duplicative block time entries by two attorneys for performing the same work in precisely the same rounded amount of time do not inspire confidence as to their accuracy or precision.

More importantly, as to the fees that might properly be awarded against Airgas and Drug City, the time entries relating to preparing and filing Plaintiff's motions for clerk's entry of default are even less credible.  Merryman billed five separate entries of 1.0 hours of time, on May 7, 2021, for "preparing, filing and mailing Motion for Clerk's Entry of Default" for each of five separate defendants.  ECF 761-5.  In fact, Plaintiff filed ten such motions on that same date, though only five were relevant to this motion seeking an award of expenses.  A review of those ten brief items on the Court docket reveals that they are all identical, save for the name of the defendant, the defendant's address, and the date each defendant was purportedly served.  *See* ECF 626-635.  It is simply beyond belief that each filing took an hour to prepare, when it would be a simple matter of using "find and replace" to finalize each boilerplate document.  Thus, those time entries are patently unreasonable in light of the factors set forth in *Robinson v. Equifax Info. Servs., LLC,* 560 F.3d 235, 243 (4th Cir. 2009):  there is no novelty or difficulty to the question, there was scant skill involved to perform the legal service, and the results obtained, a default that was subsequently lifted, were temporary at best.

Accordingly, as the sanction associated with vacating the defaults, this Court will award .25 hours of attorneys' fees as to each of Airgas and Drug City, representing the time it would reasonably take to prepare their Motions for Clerk's Entry of Default.  Merryman has been an attorney for seven years, and this Court's Guidelines Regarding Hourly Rates provide a range of

$165-$300 for attorneys with five (5) to eight (8) years' experience.  This Court will therefore fix his reasonable hourly rate at $280, and will award a sanction of $70 against Airgas and $70 against Drug City.

### III.   CONCLUSION

For the reasons described above, Plaintiff's Motion for Reimbursement of Costs for Formal Service and for Seeking Default Against Multiple Defendants, ECF 766, will be DENIED without prejudice as to Citifinancial, Premier, and Bundy; DENIED as to Long & Foster, NL, and Mattress Development Company; and GRANTED IN PART AND DENIED IN PART as to Airgas and Drug City, with sanctions of $70 being awarded against each.  A separate order will issue.

Dated: September 16, 2021                                     /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge