## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

**CHAMBERS OF**
**STEPHANIE A. GALLAGHER**
**UNITED STATES DISTRICTJUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**410 962-7780**
**MDD_SAGchambers@mdd.uscourts.gov**

October 15, 2021

**LETTER ORDER**

RE:  68th Street Site Work Group v. Airgas, Inc. et al.
      Civil Case No. SAG-20-3385

Dear Counsel:

This Court is in receipt of the Motion for Sanctions filed by Defendant American Sugar Refining, Inc., ECF 688, the Opposition filed by Plaintiff, ECF 736, and the Reply filed by Defendant, ECF 749.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  For the reasons described herein, the Motion, ECF 688, is DENIED.

Defendant American Sugar Refining, Inc. ("ASR") asks that the Court impose sanctions against Plaintiff 68th Street Site Work Group's counsel for "pursuing a frivolous lawsuit" with "no good faith basis," and making false representations. ECF 688.

Rule 11(b) of the Federal Rules of Civil Procedure requires attorneys to certify that "to the best of the person's knowledge, information, and belief" that, among other things, "the factual contentions" in the submissions to the court "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" Fed. R. Civ. P. 11(b)(3).  Factual assertions violate Rule 11(b)(3) when they are "unsupported by any information obtained prior to filing." *Scott v. Lori*, No. ELH-19-2014, 2020 WL 906351, at *2 (D. Md. Feb. 24, 2020) (quoting *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2016)).  Rule 11(c) allows courts to impose sanctions for the violation of Rule 11.  However, motions for sanctions are only appropriate "in instances of egregious misconduct." *Scott*, 2020 WL 906351, at *2.  "The Court expects that motions for sanctions will not be filed as a matter of course."  Loc. R. 105.8(a) (D. Md. 2021).  Indeed, the filing of frivolous motions for sanctions is itself sanctionable conduct. *Scott*, 2020 WL 906351, at *2 (collecting cases).

Plaintiff, in its original Complaint, alleged that ASR arranged for disposal of waste containing hazardous substances at the 68th Street Dump (later to become the 68th Street Dump Superfund Alternative Site). ECF 1 ¶ 1, 93.  The viability of Defendant ASR's Motion for Sanctions depends entirely on whether a May 2000 EPA Driver Interview Summary – which Plaintiff attached as part of its "Historic Records for American Sugar" with its Opposition (ECF

68th Street Site Work Group v. Airgas, Inc. et al.
Civil No. SAG-20-3385
October 15, 2021
Page 2

521-1) to ASR's Motion to Dismiss (ECF 448) – conclusively shows that the entirety of ASR's waste was exclusively disposed of at the "Fairfield Dump" during the time period (the 1950s to early 1970s) in which Plaintiff asserts a portion of that waste went to the 68th Street Dump.  ECF 1 ¶ 6.

        ASR accuses Plaintiff of bringing a frivolous claim in attempting to connect ASR to the 68th Street Site despite a portion of the Driver Interview Summary where the driver specifies he regularly took ASR's waste to a different dump site in Fairfield. See ECF 521-1 at 41 ("He mentioned picking up waste from the American Sugar Company . . . ; everyday pickup; residue from the production process; waste went to the Fairfield Dump site; . . . this company was his regular pickup.").  ASR argues that this information is exculpatory, that, therefore, the claim against it is a frivolous one, and that Plaintiff's selective reference to the document – omitting any mention of this excerpt – as a basis for that claim was done in bad faith.

         However, ASR itself, in bringing the instant motion, engages in selective reading of its own. The Driver Interview Summary clearly states that the driver interviewed was an employee of F.P.R. Bohager and Sons ("Bohager") during one portion of the relevant time period.  ECF 521-1 at 39 ("started working for F.P.R. Bohager and Sons, around 1963 or 1964, . . . and remained with that company until about 1980 or 1981[.]").  The rest of Plaintiff's "Historic Records for American Sugar" – nearly seventy Robb Tyler, Inc. waste tickets from November 1963 – demonstrate that, while ASR may have employed Bohager to dispose of some of its waste, it also employed Robb Tyler.  The fact that a Bohager driver may have taken ASR's waste exclusively to the Fairfield Dump reveals nothing about where employees of Robb Tyler – the waste disposal entity whose historic activities are the basis of all defendants' engagement in this litigation – took ASR's waste. Thus, the portions of the Driver Interview Summary pertaining to the Fairfield Dump are not exculpatory, and do not render Plaintiff's claim frivolous. Further, Plaintiff's failure to include them in its Opposition to ASR's Motion to Dismiss does not constitute sanctionable conduct.

        Neither does Plaintiff's failure to provide the Driver Interview Summary to ASR prior to filing of that Opposition. ASR argues that because Plaintiff relied on the document but failed to provide it to ASR prior to filing that Opposition, Plaintiff made a false representation to the Court when it said that it had provided defendants with all "nexus documents" with its pre-litigation settlement offers. The core of ASR's argument on this point is that the Driver Interview Summary is exculpatory, and thus, Plaintiff acted in bad faith in failing to disclose it to ASR. However, as addressed above, the document is not exculpatory, and, consequently, Plaintiff's treatment of the document, as "nexus document" or not, does not reflect deliberate manipulation warranting sanctions.

        As for ASR's alternative arguments questioning the significance of the Robb Tyler waste tickets that Plaintiff included in the "Historic Records," and the legitimacy of Plaintiff's claim as a whole in light of the *Twombly/Iqbal* pleading standard, these arguments are not appropriate bases

68th Street Site Work Group v. Airgas, Inc. et al.
Civil No. SAG-20-3385
October 15, 2021
Page 3

for sanctions. Rather, they are extensions of arguments made by ASR in its Motion to Dismiss, which this Court has already granted in a recent opinion. ECF 786.  American Sugar Refining, Inc.'s Motion for Sanctions will therefore be denied.

This Court acknowledges that Plaintiff has indicated in its Opposition (ECF 736) that it thinks sanctions appropriate against ASR's counsel.  While Plaintiff has not raised the issue via its own motion for Rule 11 sanctions, the conduct Plaintiff describes also does not rise to the level of egregious conduct warranting sanctions. The parties are reminded, in this case as in every case, to treat opposing counsel with professionalism and civility.

Despite the informal nature of this letter, it is an Order of Court and will be docketed as such.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge