**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
MDD_SAGchambers@mdd.uscourts.gov

November 18, 2021

LETTER ORDER

Re: <u>68th Street Site Work Group v. 7-Eleven, et al.</u>
    Civil Case No. SAG-20-3385

Dear Counsel:

This Court has reviewed Plaintiffs' motion to dismiss defendant NL Industries, Inc. ("NL") without prejudice, ECF 810, NL's Opposition, ECF 823, and Plaintiffs' reply, ECF 834. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, the motion will be granted.

NL does not object to being dismissed as a defendant. However, it contends that dismissal should be with prejudice and that Plaintiffs should be required to reimburse NL's attorneys' fees and costs in this litigation. The basis for that claim stems from a clerical error in the Plaintiffs' motion, stating that NL was the successor to National Cash Register, rather than National Lead Company (NL's actual predecessor as alleged in Plaintiffs' Complaint). This Court does not believe the record to date conclusively establishes that Plaintiffs lacked a good faith basis to file their original claims against NL. Plaintiffs' claims were dismissed as insufficient at an early stage of the litigation, following adjudication of a routine motion to dismiss. Nothing about this case distinguishes it from a plethora of other cases in terms of its procedural disposition, and the general rule requires each party to bear its own litigation expenses. Certainly, the record is bereft of any substantial prejudice to NL that might warrant dismissal with prejudice in this matter. *See Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986) ("A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant.").

Of course, should Plaintiffs seek to refile claims against NL without a good faith basis for doing so, this Court would assess whether some form of sanctions would be warranted. That inquiry is premature, as Plaintiffs do not currently seek to sue NL and may never do so.

Accordingly, Plaintiffs' Motion to Dismiss without prejudice, ECF 810, is GRANTED. Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge