UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| 68TH STREET SITE WORK GROUP,<br><br>    Plaintiff,<br>v.<br><br>7-ELEVEN, INC., et al.,<br><br>    Defendants. | No.: 1:20-cv-03385-SAG |

**DEFENDANT C&I LEASING, INC.'S MEMORANDUM OF LAW
REGARDING SUCCESSOR LIABILITY IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ................................................................................................................ 1
II. STATEMENT OF FACTS & PROCEDURAL HISTORY ............................................... 2
III. LEGAL STANDARD.......................................................................................................... 4
IV. THE PROPOSED AMENDED COMPLAINT DOES NOT PLEAD FACTS THAT ESTABLISH C&I LEASING IS THE SUCCESSOR-IN-INTEREST TO ALLEGHENY PEPSI-COLA BOTTLING COMPANY, PEPSI COLA CO., AND PEPSI COLA BOTTLING CO. ................................................................................. 5
V. CONCLUSION.................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Andres v. Town of Wheatfield*,
    No. 1:17-cv-377, 2020 WL 7764833 (W.D.N.Y. Dec. 30, 2020) ............................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................................4, 5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................................4, 5

*Bury v. NCS Power Inc.*,
    No. 3:12-cv-5641, 2013 WL 6682943 (W.D. Wash. Dec. 18, 2013) ........................................8

*Carolina Power & Light Co. v. 3M Co.*,
    No. 5:08-cv-460, 2010 WL 11420854 (E.D.N.C. Mar. 24, 2010)...........................................6

*Desgraviers v. PF-Frederick, LLC*,
    501 F. Supp. 3d 348 (D. Md. 2020)........................................................................................5

*Ferguson v. Arcata Redwood Co., LLC*,
    No. 03-05632, 2004 WL 2600471 (N.D. Cal. Nov. 12, 2004) ................................................6

*Foman v. Davis*,
    371 U.S. 178 (1962)..................................................................................................................4

*Garrett Day LLC v. Int'l Paper Co.*,
    No. 3:15-cv-36, 2016 WL 613005 (S.D. Ohio Feb. 12, 2016) ................................................6

*Katyle v. Penn Nat'l Gaming, Inc.*,
    637 F.3d 462 (4th Cir. 2011) ...................................................................................................4

*McCleary-Evans v. Md. Dep't of Transp.*,
    780 F.3d 582 (4th Cir. 2015) ...................................................................................................5

*Metro Container Grp. v. AC & T Co.*,
    450 F. Supp. 3d 583 (E.D. Pa. 2020)......................................................................................5

*New York v. Town of Clarkstown*,
    95 F. Supp. 3d 660 (S.D.N.Y. 2015).......................................................................................6

*Precision Brand Prods., Inc. v. Downers Grove Sanitary Dist.*,
    No. 08-cv-5549, 2011 WL 3489844 (N.D. Ill. Aug. 8, 2011) .................................................6

*Rao v. Era Alaska Airlines*,
    22 F. Supp. 3d 529 (D. Md. 2014) ................................................................................................4

*In re Triangle Capital Corp. Sec. Litig.*,
    988 F.3d 743 (4th Cir. 2021) .......................................................................................................4

**Other Authorities**

Rule 12(b)(6) ................................................................................................................................4, 8

Defendant C&I Leasing, Inc. ("C&I Leasing"), through undersigned counsel, respectfully submits this memorandum of law regarding successor liability in opposition to the Second Corrected Motion for Leave to File an Amended Complaint (Dkt. 828) of Plaintiff 68th Street Site Work Group ("Plaintiff").

## I. INTRODUCTION

Although the Court provided a detailed roadmap on how to plead successor liability in its September 16, 2021 Memorandum Opinion, Plaintiff's proposed amended complaint ("PAC") (Dkt. 828-1) remains unviable and still does not identify which of the four exceptions to the rule of successor non-liability it is invoking or plead facts plausibly supporting its chosen exception. *See* Dkt. 786 at 18.  Instead, the PAC doubles down on the vague and conclusory allegations that this Court already found to be deficient when it dismissed Plaintiff's Complaint.  Even worse, Plaintiff attempts to create a new exception to the rule of successor non-liability, alleging that liability attaches because Pepsi Cola Co. and Pepsi Cola Bottling Co. were "synonymous with" Allegheny Pepsi-Cola Bottling Company.  Plaintiff's Motion does not explain what this vague allegation means, as it has no support in case law.  *See id.* ("Cases considering successor liability claims under a motion to dismiss standard have generally required (1) the plaintiff to identify which of the four exceptions it is invoking for successor liability and (2) facts supporting the invocation of the chosen exception." (citation omitted)).

For the reasons discussed herein, and those raised in the simultaneously-filed joint opposition on arranger liability, Plaintiff's repeated failure to cure its pleading deficiencies warrants dismissal *with prejudice*, especially after this Court warned that "an attempt to reassert claims against any particular Defendant without articulable facts plausibly suggesting the existence of one of the four exceptions to successor non-liability will be viewed with disfavor." *See id.* at 31.

## II. STATEMENT OF FACTS & PROCEDURAL HISTORY

The 68th Street Dump Superfund Alternative Site (the "Site") "is an aggregate of seven landfills and encompasses approximately 239 acres, nearly 118 acres of which are streams and wetlands." PAC ¶ 4. The Site "has been organized into five Management Areas ('MAs') identified as MA-A, MA-B, MA-D, MA-E and MA-F." *Id.* ¶ 5. Plaintiff alleges that "waste disposal activities occurred between the 1950s and early 1970s under various landfill operating permits . . . . and [involved] disposal of solid and liquid municipal, industrial and commercial wastes." *Id.* ¶ 6. Plaintiff does not allege that C&I Leasing disposed of any wastes at the Site. *See id.* ¶¶ 55-83. Rather, Plaintiff alleges that C&I Leasing "is the successor by merger to and/or formerly known as and/or also known as the entities identified on nexus documents for the 68th Street Site as Allegheny Pepsi-Cola Bottling Company, Pepsi Cola Co. and Pepsi Cola Bottling Co." *Id.* ¶ 56. In support of this allegation, Plaintiff alleges "Pepsi Cola Co. and Pepsi Cola Bottling Co. were synonymous with Allegheny Pepsi-Cola Bottling Company" and that C&I Leasing "merged into Allegheny Pepsi-Cola Bottling Co. in or about September 1988, with the surviving entity changing its name to C&I Leasing, Inc." *Id.* ¶¶ 63, 65. In a conclusory fashion, Plaintiff alleges "Allegheny Pepsi-Cola Bottling Company and Pepsi Cola Bottling Co. by contract, agreement or otherwise, arranged for disposal, or arranged with a transporter for transport for disposal of waste at the 68th Street Site." *Id.* ¶ 68.

In 1999, the U.S. Environmental Protection Agency ("EPA") proposed the Site to the National Priorities List and re-proposed it in 2003. *Id.* ¶¶ 15-16. "On April 26, 2006, [members of the 68th Street Site Work Group] and U.S. EPA entered into an Administrative Settlement Agreement and Order for Remedial Investigation and Feasibility Study." *Id.* ¶ 17. "On September 30, 2013, U.S. EPA issued its final Record of Decision ('ROD') for remedial actions at the 68th Street Site." *Id.* ¶ 22. On November 28, 2017, the U.S. District Court for the District of Maryland

entered a Consent Decree for Remedial Design/Remedial Action ("RD/RA Consent Decree") between EPA/the State of Maryland and two groups that Plaintiff identifies as the "Settling Performing Defendants comprising the members of the 68th Street Site Work Group and Non-Performing Settling Defendants." *Id.* ¶ 23.  Although Plaintiff itself is not a signatory to this RD/RA Consent Decree, all members of the 68th Street Site Work Group "are signatories to the RD/RA Consent Decree." *Id.* ¶ 34.  Plaintiff alleges that it has "incurred over $4.8 million in response costs in connection with the activities and payments required by the RD/RA Consent Decree" and "will continue to incur response costs." *Id.* ¶¶ 25, 27.

On November 20, 2020, Plaintiff initiated this action by filing its Complaint.  Dkt. 1.  After thirty-one defendants, including C&I Leasing, moved to dismiss, this Court entered a Memorandum Opinion and Order on September 16, 2021 granting the motions.  Dkt. 786, 787.  In its Memorandum Opinion (the "MTD Opinion"), the Court held that Plaintiff, as an unincorporated non-party to the RD/RA Consent Decree, was not the real party in interest and that this action had to be prosecuted by the individual members of Plaintiff who signed the RD/RA Consent Decree. *See* Dkt. 786 at 51-57.  The Court also granted C&I Leasing's motion as to successor liability because Plaintiff neither identified which of the four exceptions to the rule of successor non-liability it was pursuing nor pled "articulable facts plausibly suggesting the existence of one of the four exceptions to successor non-liability." *See id.* at 29-31.[1]  Finally, the Court granted C&I Leasing's motion as to arranger liability because "Plaintiff merely pleaded a 'threadbare recital of the elements' of § 107(a)(3) arranger liability under CERCLA." *Id.* at 39.  The Court also found the arranger liability allegations insufficient because rather than alleging C&I Leasing arranged with a transporter for disposal of hazardous substances, the "Complaint, in contrast, alleges that

---

[1] These four exceptions are identified *infra* Section IV.

3

each Defendant 'arranged with a transporter for transport for disposal or treatment of *waste containing* hazardous substances.'" *Id.* at 40 (citation omitted).

Although the Court allowed Plaintiff the ability to seek leave to amend, it cautioned that due to Plaintiff's initial "'broad-brush' approach," an attempt to replead "without articulable facts plausibly suggesting" a cause of action would "be viewed with disfavor." *Id.* at 31.

### III. LEGAL STANDARD

Courts may deny leave to amend "in cases of 'prejudice, bad faith, or futility.'" *In re Triangle Capital Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) (citation omitted) (affirming denial of motion for leave to amend due to futility). The Fourth Circuit has "made clear that district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." *Id.* (citation omitted). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: 'A district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (citation omitted). Because futility is intertwined with the *Twombly*/*Iqbal* plausibility standard, that standard is reproduced here for the Court's convenience.[2]

A motion to dismiss under Rule 12(b)(6) should be granted where the complaint fails to allege facts sufficient to establish each element of the claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). To survive a motion to dismiss, the complaint's allegations must rise above the "speculative," "conceivable," or

---

[2] The Supreme Court has made clear that leave to amend may be denied for "failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Rao v. Era Alaska Airlines*, 22 F. Supp. 3d 529, 540 (D. Md. 2014) ("The Court only should deny leave to amend if amendment 'would prejudice the opposing party, reward bad faith on the part of the moving party, or amount to futility.'" (citation omitted)).

"possible," and instead must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 545, 547, 555, 563, 570; *see also Iqbal*, 556 U.S. at 678 (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully"). A complaint must include "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555); *see also Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 350 (D. Md. 2020) (noting that a complaint must have "more than bald accusations or mere speculation") (Gallagher, J.). Thus, although well-pleaded allegations of fact are accepted as true, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not. *Iqbal*, 556 U.S. at 678.

IV. **THE PROPOSED AMENDED COMPLAINT DOES NOT PLEAD FACTS THAT ESTABLISH C&I LEASING IS THE SUCCESSOR-IN-INTEREST TO ALLEGHENY PEPSI-COLA BOTTLING COMPANY, PEPSI COLA CO., AND PEPSI COLA BOTTLING CO.**

The Court should deny leave to amend because although the MTD Opinion gave Plaintiff explicitly clear guidance as to what was required to plead successor liability, Plaintiff has failed to cure the Complaint's deficiencies. A "corporation that acquires assets of another does not also acquire its liabilities, except in four limited scenarios: (1) the successor expressly or impliedly agrees to assume the liabilities of the predecessor; (2) the transaction may be considered a de facto merger; (3) the successor may be considered a 'mere continuation' of the predecessor; or (4) the transaction is fraudulent." Dkt. 786 at 17 (quoting *PCS Nitrogen Inc. v. Ashley II of Charleston LLC*, 714 F.3d 161, 173 (4th Cir. 2013)). To survive a motion to dismiss, courts require "(1) the plaintiff to identify which of the four exceptions it is invoking for successor liability and (2) facts supporting the invocation of the chosen exception." *Id.* at 18 (citing *Leonard v. Bed, Bath & Beyond, Inc.*, No. 5:15-cv-284, 2016 WL 158587, at *3 (E.D.N.C. Jan. 8, 2016)); *see also Metro*

5

*Container Grp. v. AC & T Co.*, 450 F. Supp. 3d 583, 604 (E.D. Pa. 2020) (granting motion to dismiss and faulting plaintiff (who was represented by the same counsel representing Plaintiff in this case) for leaving successor defendants "to speculate as to what theory of liability attaches their liability"); *Carolina Power & Light Co. v. 3M Co.*, No. 5:08-cv-460, 2010 WL 11420854, at *16 (E.D.N.C. Mar. 24, 2010) (granting motion to dismiss for failure to allege "facts that would give notice to successor defendants as to the particular theory of successor liability that claimants seek to put forward).[3]  Despite this explicit guidance, Plaintiff still has not identified which of the four exceptions is allegedly applicable to C&I Leasing or pled plausible facts supporting any exception.

Instead, Plaintiff alleges C&I Leasing "is the successor by merger to and/or formerly known as and/or also known as the entities identified on nexus documents for the 68th Street Site as Allegheny Pepsi-Cola Bottling Company, Pepsi Cola Co. and Pepsi Cola Bottling Co."  PAC ¶ 56.  This allegation alone warrants denial of the Motion because, in its MTD Opinion, the Court held that such an "imprecise and conclusory statement is insufficient to plead . . . successor liability." *See* Dkt. 786 at 25.  Previously, the Court considered the Complaint's allegation "that 'Caraustar Packaging Group (Maryland), Inc. is owned by and/or was acquired by and/or is one and the same as Caraustar Industries.'"  *Id.* (quoting Dkt. 1 ¶ 230).  The Court rejected this allegation, holding that "[b]y adopting this 'throw spaghetti at the wall and see what sticks,' approach to its allegations against Caraustar, Plaintiff fails to give Caraustar sufficient notice of a plausible successor liability theory against which it can defend."  *Id.* (citing *Carolina Power*, 2010

---

[3] Numerous courts from other circuits have granted motions to dismiss for failure to plausibly allege successor liability. *See Andres v. Town of Wheatfield*, No. 1:17-cv-377, 2020 WL 7764833, at *11-12 (W.D.N.Y. Dec. 30, 2020); *Garrett Day LLC v. Int'l Paper Co.*, No. 3:15-cv-36, 2016 WL 613005, at *5 (S.D. Ohio Feb. 12, 2016); *New York v. Town of Clarkstown*, 95 F. Supp. 3d 660, 682-83 (S.D.N.Y. 2015); *Precision Brand Prods., Inc. v. Downers Grove Sanitary Dist.*, No. 08-cv-5549, 2011 WL 3489844, at *4 (N.D. Ill. Aug. 8, 2011); *Ferguson v. Arcata Redwood Co., LLC*, No. 03-05632, 2004 WL 2600471, at *5 (N.D. Cal. Nov. 12, 2004).

6

WL 11420854, at *16).  There is no reason the result now should be any different regarding C&I Leasing.  Further, the PAC's allegation that "C&I Leasing, Inc. merged into Allegheny Pepsi-Cola Bottling Co." is nearly identical to the successor allegations Plaintiff made in the Complaint regarding Cloverland Dairy Limited Partnership and Cowan Systems, Inc.  *Compare* PAC ¶ 65, *with* Dkt. 1 ¶ 284 ("In or about 1966, Aristocrat Dairy merged into Cloverland Dairy."), *and id.* ¶ 312 ("In or about 1979, Key Warehouse Services, Inc. merged into W.T. Cowan, Incorporated and changed its name to Cowan Enterprises, Inc.").  This Court granted Cloverland's and Cowan's motions to dismiss the Complaint.  Dkt. 786 at 57.  If Plaintiff's allegations were insufficient against these two defendants, it necessarily follows that its similar allegations against C&I Leasing fail.

To the extent Plaintiff attempts to add meat to its barebones allegations, its additional allegations still fail.  For instance, Plaintiff alleges a purported merger occurred "in or about September 1988," when "C&I Leasing, Inc. merged into Allegheny Pepsi-Cola Bottling Co" and that C&I Leasing has the liabilities of Pepsi Cola Co. and Pepsi Cola Bottling Co. because these two entities "were synonymous with Allegheny Pepsi-Cola Bottling Company."  PAC ¶¶ 63, 65.  Based on these allegations, Plaintiff contends "C&I Leasing, by virtue of its merger with nexus party Allegheny Pepsi-Cola Bottling Co., is one and the same as and formerly known as nexus parties Pepsi-Cola Bottling Co. and Pepsi Cola Co."  *Id.* ¶ 67.

These allegations are insufficient because Plaintiff still has not (1) indicated which of the four exceptions to successor non-liability it is pursuing – assumption of liabilities, de facto merger, mere continuation, or fraudulent transaction; or (2) pled "articulable facts plausibly suggesting the existence of one of the four exceptions to successor non-liability."  *See* Dkt. 786 at 18, 31.  Most puzzling is Plaintiff's allegation that "[d]uring the relevant time period, Pepsi Cola Co. and Pepsi

7

Cola Bottling Co. were synonymous with Allegheny Pepsi-Cola Bottling Company." PAC ¶ 63. Neither the PAC nor Motion explain what Plaintiff means by "synonymous with," and C&I Leasing's research has not uncovered any case indicating this phrase has any meaning in successor liability case law. C&I Leasing generally understands "synonymous" to mean "equivalent with," but whether someone subjectively associates one legal entity with another does not establish successor liability. There are only four exceptions to the general rule of successor non-liability, *see* Dkt. 786 at 17, and Plaintiff cannot create a new exception by making vague allegations of terms not supported by case law. *Cf. Bury v. NCS Power Inc.*, No. 3:12-cv-5641, 2013 WL 6682943, at *5 (W.D. Wash. Dec. 18, 2013) (finding successor liability exceptions not met and rejecting plaintiff's argument "that 'Lumeria was a spinoff from NCS Power, Inc.'" because it was "unclear what narrow exception includes a 'spinoff'").

For these reasons, Plaintiff's allegations still would not withstand a Rule 12(b)(6) motion, which means the PAC is futile, and the Court should deny leave to amend. Although the Court allowed Plaintiff the ability to seek leave to amend, it cautioned that due to Plaintiff's initial "'broad-brush' approach," an attempt to replead "without articulable facts plausibly suggesting" a cause of action would "be viewed with disfavor." Dkt. 786 at 31. Because Plaintiff has re-employed its broad-brush approach, dismissal should be with prejudice.

## V.     CONCLUSION

For these reasons, and those set forth in the accompanying joint opposition brief regarding arranger liability,[4] Defendant C&I Leasing respectfully requests that the Court deny as futile Plaintiff's Motion with prejudice.

---

[4] For the reasons discussed in Sections V-VI of the simultaneously-filed joint opposition brief regarding arranger liability, which C&I Leasing incorporates herein, the Court should deny leave to amend with prejudice, and C&I Leasing is entitled to a declaration that it is not liable for future response costs.

Dated: December 16, 2021               Respectfully submitted,


               */s/ Stephen E. Fitzgerald*
               Stephen E. Fitzgerald
               Morgan, Lewis & Bockius LLP
               1717 Main Street, Suite 3200
               Dallas, TX 75201
               Telephone: 214.466.400
               Fax: 214.466.4001
               stephen.fitzgerald@morganlewis.com

               Jason R. Scherr
               Morgan, Lewis & Bockius LLP
               1111 Pennsylvania Ave., NW
               Washington, DC 20004
               Telephone: 202.739.3000
               Fax: 202.739.3001
               jr.scherr@morganlewis.com
               *Attorneys for Defendant C&I Leasing, Inc.*


**CERTIFICATE OF SERVICE**

   I hereby certify that on this 16th day of December 2021, I served C&I Leasing's opposition regarding successor liability to Plaintiff's Motion for Leave to Amend Complaint by filing the same via ECF to distribute to all counsel of record.

                      */s/ Stephen E. Fitzgerald*
                      *Stephen E. Fitzgerald*