IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| 68TH STREET SITE WORK GROUP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-03385-SAG |
| | ) | |
| 7-ELEVEN, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' REPLY TO C&I LEASING'S OPPOSITION TO PLAINTIFF'S SECOND CORRECTED MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiffs, by and through counsel, respectfully submits the following Reply to Defendant C&I Leasing, Inc.'s Opposition to Plaintiffs' Second Corrected Motion for Leave to File an Amended Complaint (the "Motion") (Dkt. No. 828).

Dated:   January 13, 2022            Respectfully submitted,

                 Rachel D. Guthrie  admitted *pro hac vice*
                 Matthew T. Merryman admitted *pro hac vice*
                 4100 Terrace St.
                 Kansas City, MO  64111
                 Telephone: (816) 608-2760
                 Facsimile:  (816) 683-1743
                 Email: rguthrie@justislawfirm.com
                     mmerryman@justislawfirm.com

Stuart D. Kaplow
Bar Number 05282
James Kelly-Lieb
Bar Number 20420
Stuart D. Kaplow, P.A.
11426 York Road, 1st Floor
Cockeysville, MD 21030
(410) 339-3910 Telephone
(410) 415-7161 Facsimile
Email: skaplow@stuartkaplow.com
      jkellylieb@kenny-law.com

ATTORNEYS FOR PLAINTIFFS

ii

**TABLE OF CONTENTS**

BACKGROUND .................................................................................................................................. iv

SUMMARY OF ISSUES AND ARGUMENT ............................................................................... 1

LEGAL STANDARD ........................................................................................................................ 2

ARGUMENT ....................................................................................................................................... 3

CONCLUSION ................................................................................................................................... 9

# TABLE OF AUTHORITIES

## CASES

*Behrens v. Arconic, Inc.*, 429 F. Supp. 43 (E.D. Pa. 2019) ............................................................... 4

*C.F. Trust, Inc. v. First Flight Ltd. P'ship*, 306 F.3d 126 (4th Cir. 2002)....................................... 5

*Elf Atochem N. Am. v. United States*, 908 F. Supp. 275, (E.D. Pa. 1995) ...................................... 4

*Haley Paint Co. v. E.I. DuPont De Nemours and Co.*, 804 F. Supp. 2d 419 (D. Md. 2011)................................................................................................................................... 6

*In re Triangle Capital Corp. Securities Litig.*, 988 F.3d 743 (4th Cir. 2021). ................................ 2

*Md. Elec. Indus. Health Fund v. Kodiak Utility Contst., Inc.*, 289 F. Supp. 2d 698 (D. Md. 2003) ................................................................................................................................... 5

*Midshore Riverkeeper Conservancy, Inc. v. Franzoni*, 429 F. Supp. 3d 67 (D. Md. 2019) ................................................................................................................................... 2, 3, 5

*Patino v. Capital Bonding Corp.*, 465 F. Supp. 2d 518 (D. S.C. 2006) ......................................... 5

*R.C. McEntire & Co. v. E. Foods, Inc.*, 702 F.2d 471 (4th Cir. 1983) ............................................ 4

*R.C.M. Exec. Gallery Corp. v. Rols Capital Co.*, 901 F. Supp. 630 (S.D. N.Y. 1995) ................................................................................................................................... 5

*Santa Maria v. Owens-Illinois, Inc.*, 808 F.2d 848 (1st Cir. 1986) ................................................ 5

*United States ex rel. Bunk v. Gov. Logistics N.V.*, 842 F.3d 261 (4th Cir. 2016).................... 4, 5, 6

## BACKGROUND

Plaintiffs reiterate the procedural background and facts stated in their Motion. *See* Pl. Mot. (Dkt. No. 828). Plaintiffs further state that on December 16, 2021, Defendants C&I Leasing, Inc. ("C&I Leasing"), Alban Tractor LLC ("Alban Tractor"), The Rukert Terminals Corporation ("Rukert Terminals"), Solo Cup Operating Corporation ("Solo Cup"), ViacomCBS, Inc. ("ViacomCBS"), and Vornado Realty Trust ("Vornado Realty") (collectively, "Defendants") filed a Response Memorandum in Opposition (the "Response") (Dkt. No. 850), arguing that the proposed amendments would be futile. Plaintiffs are contemporaneously filing a separate Reply to that Response. Additionally, on the same day, C&I Leasing filed a separate Memorandum of Law in Opposition (Dkt. No. 851) (the "Opposition"). Plaintiffs respectfully submit this Reply to C&I Leasing's separate Opposition.[1]

## SUMMARY OF ISSUES AND ARGUMENT

C&I Leasing argues that Plaintiffs' Second Corrected Motion for Leave to File an Amended Complaint should be denied because the allegations contained within the proposed Amended Complaint fail to adequately plead successor liability. Plaintiffs should be granted leave to file their proposed Amended Complaint because Plaintiffs' allegations are more than adequate to satisfy the requirements of the Rule 12(b)(6) standard. C&I Leasing essentially argues that no amendment could be sufficient unless one of four legal theories of successor liability are detailed, despite the fact that the four theories listed are specific to entities which are held liable as successors following an asset purchase. Here, Plaintiff has not alleged an asset

---

[1] The 68th Street Work Group recognizes that the Group as a whole is technically still the "Plaintiff" even though the proposed Amended Complaint names individual members as Plaintiffs. For ease of reference and out of deference to the Court's previous rulings, the 68th Street Work Group members that are named Plaintiffs in the proposed Amended Complaint will refer to themselves collectively as "Plaintiffs" in this Reply.

purchase so "successor liability" in the sense intended by C&I Leasing is irrelevant to Plaintiffs' allegations. Plaintiffs' allegations, taken as true and viewed in the light most favorable to Plaintiffs, provide more than enough information to state a plausible claim of direct liability and give C&I Leasing notice of Plaintiffs' claims against it. Therefore, the proposed Amended Complaint would not be a futile filing, and Plaintiffs respectfully request that the Court grant their Second Corrected Motion for Leave to File an Amended Complaint.

## LEGAL STANDARD

Absent "prejudice, bad faith, or futility," a court should grant leave to amend. *In re Triangle Capital Corp. Securities Litig.*, 988 F.3d 743, 750 (4th Cir. 2021). Although leave to amend is not automatic, Rule 15(a) is to be interpreted liberally by district courts. *Id*. To determine if an amendment would be futile, district courts inquire whether a proposed amended complaint would satisfy the requirements of the Rule 12(b)(6) standard. *Id.* (citing *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is probable on its face." *Midshore Riverkeeper Conservancy, Inc. v. Franzoni*, 429 F. Supp. 3d 67, 72 (D. Md. 2019) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, a plaintiff need not include "detailed factual allegations." *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint must set forth "enough factual matter (taken as true) to suggest a cognizable cause of action, even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id*. at 73 (citing *Twombly*, 550 U.S. at 556 (internal citation and quotation omitted)). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *Id.* (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*,

2

637 F.3d 435, 440 (4th Cir. 2011) (citation omitted). Courts generally do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Id.* (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999)).

**ARGUMENT**

The Court should grant Plaintiffs leave to file their proposed Amended Complaint because Plaintiffs have adequately alleged that C&I Leasing is liable as an arranger under CERCLA. C&I Leasing argues in its separate Response Memorandum that the proposed Amended Complaint fails to remedy the deficient "successor liability" allegations of the original Complaint. But Plaintiffs do not allege C&I Leasing has "successor liability" from an asset purchase. Rather, Plaintiffs allege C&I Leasing is directly liable through various name changes and mergers.

It is well-settled law in every federal circuit including this one that "[u]nder CERCLA, successor corporations may be liable for the actions of their predecessors." *United States ex rel. Bunk v. Gov. Logistics N.V.*, 842 F.3d 261, 273 (4th Cir. 2016) (citing *United States v. Carolina Transformer Co.*, 978 F.2d 832, 838 (4th Cir. 1992)). A successor corporation takes on the liabilities of its predecessor following an asset purchase if it meets one of four exceptions to the traditional rule: (1) there was an express or implied assumption of liabilities; (2) the transaction is a de facto merger; (3) the successor is a "mere continuation" of the predecessor; or (4) the transaction is fraudulent. *Id.* (citing same).

However, as opposed to an asset purchase, the consolidation or merger of two corporations results in a successor corporation that remains fully liable for the liabilities of the transferor corporation. *R.C. McEntire & Co. v. E. Foods, Inc.*, 702 F.2d 471, 474 (4th Cir. 1983);

*see also Elf Atochem N. Am. v. United States*, 908 F. Supp. 275, 278 (E.D. Pa. 1995) (statutory merger gives rise to successor liability under CERCLA) (citing *Smith Land & Improvement Corp. v. Celotex Corp.*, 851 F.2d 86, 91 (3d Cir. 1988), *cert. denied* 488 U.S. 1029 (1989). Further, indirect corporate liability is not limited to "successor liability." There are generally three theories for holding one corporation liable for the acts of another: (1) the existence of an agency relationship; (2) one corporation is the "alter ego" or "mere instrumentality" of the other; or (3) successor liability for asset purchasers. *E.g.*, *Behrens v. Arconic, Inc.*, 429 F. Supp. 43, 52 (E.D. Pa. 2019) and *Patino v. Capital Bonding Corp.*, 465 F. Supp. 2d 518, 522–24 (D. S.C. 2006) (addressing agency relationship); *C.F. Trust, Inc. v. First Flight Ltd. P'ship*, 306 F.3d 126 (4th Cir. 2002) and *Md. Elec. Indus. Health Fund v. Kodiak Utility Constr., Inc.*, 289 F. Supp. 2d 698 (D. Md. 2003) (hereinafter "MEIHF") (addressing alter ego); *Bunk*, 842 F.3d at 273 (successor liability).

Here, Plaintiffs used the word "successor" in a general way to mean C&I Leasing's direct liability through merger. In fact, Plaintiffs specifically allege that C&I Leasing is "the successor by merger to and/or formerly known as" the nexus parties. Am. Compl., ¶ 56. Plaintiffs did not mean that C&I Leasing was a successor due to an asset purchase.[2]

The Court should limit itself to considering Plaintiffs' allegations, taken as true, and drawing all reasonable inferences in Plaintiffs' favor. *Midshore Riverkeeper Conservancy, Inc. v. Franzoni*, 429 F. Supp. 3d 67, 73 (D. Md. 2019). "[P]leadings of successor liability are subject to the lenient pleading requirements of Rule 8(a) . . ." *Bunk*, 842 F.3d at 275 (quoting *Old World Republic Ins. Co. v. Hansas World Cargo Serv., Inc.*, 170 F.R.D. 361, 376 (S.D. N.Y. 1997)). "If

---

[2] *See, e.g.*, *R.C.M. Exec. Gallery Corp. v. Rols Capital Co.*, 901 F. Supp. 630, 636 (S.D. N.Y. 1995) (successor liability "is fundamentally a form of secondary, vicarious liability imposed upon an innocent party"); *Santa Maria v. Owens-Illinois, Inc.*, 808 F.2d 848, 851 n. 5 (1st Cir. 1986) ("successor liability is a form of derivative or vicarious liability").

4

private plaintiffs, who do not have access to inside information, are to pursue violations of the law, the pleading standard must take into account the fact that a complaint will ordinarily be limited to allegations pieced together from publicly available data." *Haley Paint Co. v. E.I. DuPont De Nemours and Co.*, 804 F. Supp. 2d 419, 425 n.3 (D. Md. 2011) (citation omitted).

The original Complaint contained the following allegations about C&I Leasing and its predecessors:

> Defendant C&I Leasing, Inc. ("C&I Leasing") is the successor to and/or formerly known as and/or also known as Allegheny Beverage Company, Allegheny Pepsi-Cola Bottling Company, American Brewery, Inc., Pepsi Cola Bottling Co. and Suburban Club Beverage. (Compl. ¶ 211);
>
> Allegheny Pepsi-Cola Bottling Co. owned American Brewery, Inc. and Suburban Club Beverage. (Compl. ¶ 212);
>
> Allegheny Pepsi-Cola Bottling Co. is and/or was a subsidiary of PepsiCo Inc. (Compl. ¶ 213);
>
> C&I Leasing is formerly known as Pepsi-Cola Bottling Co. (Compl. ¶ 214);
>
> C&I Leasing is a member of the PepsiCo Inc./PBG Organization. (Compl. ¶ 215);
>
> Allegheny Beverage Company, Allegheny Pepsi-Cola Bottling Company, American Brewery, Inc., Pepsi Cola Bottling Co. and Suburban Club Beverage are and/or were engaged in the business of beverage manufacturing and distribution. (Compl. ¶ 216).

The Court held that the allegations within the original Complaint were not sufficient to give C&I Leasing notice of a plausible successor liability theory against which it can prepare to defend. *See* Dkt No. 851 at 5. In the proposed Amended Complaint, Plaintiffs removed certain nexus parties for which there was a more difficult successor liability analysis, consistent with the Court's recommendations in its ruling, retaining only those for which Plaintiffs believe they can establish direct, as opposed to vicarious, corporate

liability. Plaintiffs have included numerous additional allegations regarding their successor liability theories for many defendants, including C&I Leasing, in the proposed Amended Complaint. The revised allegations relevant to C&I Leasing now appear as follows:

> Defendant C&I Leasing, Inc. ("C&I Leasing") is the successor to and/or formerly known as and/or also known as Allegheny Pepsi-Cola Bottling Company and Pepsi Cola Bottling Co. (Am. Compl. ¶ 55);
>
> Defendant C&I Leasing, Inc. ("C&I Leasing") is the successor by merger to and/or formerly known as and/or also known as the entities identified on nexus documents for the 68th Street Site as Allegheny Pepsi-Cola Bottling Company, Pepsi Cola Co. and Pepsi Cola Bottling Co. (Am. Compl. ¶ 56);
>
> According to publicly available information, Morton Lapides' grandfather started a soft drink business in or about 1921, which evolved into the Pepsi-Cola Bottling Company of Baltimore in the 1930s. (Am. Compl. ¶ 57);
>
> According to publicly available information, Morton Lapides acquired Pepsi-Cola Bottling Company of Baltimore in or about 1962 and renamed it Allegheny Beverage Corporation. (Am. Compl. ¶ 58);
>
> According to the Maryland Department of Assessments & Taxation ("MDAT"), Allegheny Beverage Corporation was formed in or about 1966. (Am. Compl. ¶ 59);
>
> According to publicly available information from as early as 1968, Allegheny Pepsi-Cola Bottling Co. was a subsidiary of Allegheny Beverage Corporation. (Am. Compl. ¶ 60);
>
> According to publicly available information, Morton Lapides was identified as the chairman, President and/or Vice President of "Allegheny Pepsi-Cola Bottling Co." as well as "Pepsi-Cola Bottling Co." during the 1960s, with both names associated with an address at 400 Key Hwy. in Baltimore, Maryland. (Am. Compl. ¶ 61);
>
> According to nexus documents for the 68th Street Site, both Pepsi Cola Bottling Co. and Pepsi Cola Co. are associated with an address on Key Hwy. and 400 Key Hwy., respectively. (Am. Compl. ¶ 62);
>
> During the relevant time period, Pepsi Cola Co. and Pepsi Cola Bottling Co. were synonymous with Allegheny Pepsi-Cola Bottling Company. (Am. Compl. ¶ 63);

> According to publicly available information from 1985, Morton Lapides, chairman of Allegheny Beverage Corporation, was planning to sell Allegheny Pepsi-Cola Bottling Co. to PepsiCo, Inc. (Am. Compl. ¶ 64);
>
> According to MDAT, C&I Leasing, Inc. merged into Allegheny Pepsi-Cola Bottling Co. in or about September 1988, with the surviving entity changing its name to C&I Leasing, Inc. (Am. Compl. ¶ 65);
>
> According to the Securities and Exchange Commission, C&I Leasing is and/or was a Maryland subsidiary of PepsiCo, Inc. (Am. Compl. ¶ 66);
>
> C&I Leasing, by virtue of its merger with nexus party Allegheny Pepsi-Cola Bottling Co., is one and the same as and formerly known as nexus parties Pepsi-Cola Bottling Co. and Pepsi Cola Co. (Am. Compl. ¶ 67).

Additionally, the proposed Amended Complaint alleges that the nexus documents are from October 18, 1963 and from 1970. Am. Compl. ¶¶ 69–71. The allegations show that during that time period, Allegheny Pepsi-Cola Bottling Co. was operating at the nexus address at 400 Key Hwy. and that C&I Leasing merged into Allegheny Pepsi-Cola Bottling Co. in 1988, with C&I Leasing as the surviving entity. These facts do not require Plaintiffs to identify one of the four exceptions to successor non-liability related to asset purchases, as C&I Leasing's Response insists. It would actually be erroneous for Plaintiffs to plead a *de facto* merger when Plaintiffs believe in good faith that statutory mergers have occurred. Plaintiffs' allegations in the proposed Amended Complaint also set forth a plausible claim that the entity names identified on the nexus documents were in reference to a single entity that used those names interchangeably. Making reasonable inferences in Plaintiffs' favor, it is plausible that all of the nexus documents attributed to C&I Leasing reference materials generated by Allegheny Pepsi-Bottling Co., which has since merged into C&I Leasing. As is customary with a merger, C&I Leasing has assumed those liabilities that were associated with Allegheny Pepsi-Bottling Co.

C&I Leasing correctly posits that "whether someone subjectively associates one legal entity with another does not establish successor liability." While undeniably true, that is not the

purpose of Plaintiffs' "synonymous with" allegation. The nexus documents attributed to C&I Leasing, which were prepared by people during the relevant time period and name entities Pepsi Cola Co. and Pepsi Cola Bottling Co., most likely reference Allegheny Pepsi-Cola Bottling Co. as the generator of the materials containing hazardous substances. In fact, Plaintiffs know of no legal entity during the relevant time that was named "Pepsi Cola Co." This suggests that the "Pepsi Cola Co." written on the nexus documents was not the legal entity, but simply a moniker or pseudonym for another legal entity operating in the vicinity of the Site during the relevant period. Based on information and belief, that legal entity was Allegheny Pepsi-Cola Bottling Co. Altogether, the allegations contained within the proposed Amended Complaint are detailed to the point of giving C&I Leasing Inc. sufficient notice of a plausible theory of liability against which it can defend.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court enter an appropriate order granting their Second Corrected Motion for Leave to File an Amended Complaint, and for such other and further relief as the Court deems just and appropriate under the circumstances.

Dated:  January 13, 2022        Respectfully submitted,

THE JUSTIS LAW FIRM LLC

*/s/ Rachel D. Guthrie*
Rachel D. Guthrie      admitted *pro hac vice*
Matthew T. Merryman   admitted *pro hac vice*
4100 Terrace St.
Kansas City, MO  64111
Telephone: (816) 608-2760
Facsimile:  (816) 683-1743
Email: rguthrie@justislawfirm.com
          mmerryman@justislawfirm.com

Stuart D. Kaplow
Bar Number 05282
James Kelly-Lieb
Bar Number 20420
Stuart D. Kaplow, P.A.
11426 York Road, 1st Floor
Cockeysville, MD 21030
(410) 339-3910 Telephone
(410) 415-7161 Facsimile
Email: skaplow@stuartkaplow.com
          jkellylieb@kenny-law.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2022, a copy of the foregoing Plaintiffs' Reply to C&I Leasing's Opposition to Plaintiffs' Second Corrected Motion for Leave to File an Amended Complaint was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's Electronic Case Filing System.

                                                                      */s/ Rachel D. Guthrie*
                                                                      Rachel D. Guthrie