IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| 68th STREET SITE WORK GROUP, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No.: SAG-20-3385 |
| | * | |
| 7-ELEVEN, INC., et al., | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs are nine entities that each assert claims against Defendants under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA"), for the recovery of costs incurred and to be incurred in response to the release or threatened release of hazardous substances from the 68th Street Dump Superfund Alternative Site ("68th Street Site," or "Site"). Plaintiffs also seek a declaration of each Defendant's liability for future response costs to be incurred by Plaintiffs (and their assignors) at the Site. On September 16, 2021, this Court issued a Memorandum Opinion and Order granting 31 of the original defendants' motions to dismiss and/or motions for summary judgment. ECF 786. Plaintiffs now move to amend their Complaint against only seven Defendants. ECF 828-1. Six of those Defendants have opposed Plaintiffs' motion.[1] The six active Defendants filed a joint opposition addressing the proposed Amended Complaint's arranger liability allegations. ECF 850. Defendants C&I Leasing, Inc. ("C&I") and Solo Cup Operating Corporation ("Solo Cup") also

---

[1] The seventh, CitiFinancial Credit Company, has consistently failed to respond to any filings in this case.

filed separate oppositions addressing the proposed Amended Complaint's successor liability allegations. ECF 851, 853. And Defendant ViacomCBS filed a separate opposition (ECF 852) arguing that the individual Plaintiffs do not have standing to sue because they assigned any CERCLA claims they may have had to the 68th Street Site Work Group (which, as this Court previously found, is not a real party in interest). ECF 786 at 51-57. Plaintiffs have replied to each of these oppositions. ECF 858-61. The Court has reviewed all of these filings. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Plaintiffs' motion to amend will be denied.

I. **FACTUAL BACKGROUND**

Plaintiffs are nine entities who are members of the 68th Street Site Work Group. ECF 828-1 ¶ 33. Plaintiffs allege that Defendants are liable as potentially responsible parties ("PRPs") because they arranged for transportation of materials containing hazardous substances for disposal and/or treatment at the 68th Street Site. ECF 828-1 ¶ 1.

The 68th Street Site is a mixed industrial, commercial, and residential area, encompassing 239 acres in the Rosedale neighborhood in Baltimore County, along the eastern border of Baltimore City. ECF 828-1 ¶ 4. The Site is an aggregate of seven landfills, which operated within the boundaries of what the United States Environmental Protection Agency ("EPA") later designated as five Management Areas (A, B, D, E, and F). ECF 828-1 ¶¶ 5-11. Waste disposal activities were conducted at the Site from the 1950s through the early 1970s, and included the disposal of municipal, industrial, and commercial wastes. ECF 828-1 ¶ 6. Among the entities operating permitted landfills at the Site was Robb Tyler, Inc. ("Robb Tyler"). Management Area E of the 68th Street Site was the "original Robb Tyler Landfill," which was permitted in 1953 and closed by 1956. ECF 828-1 ¶ 10. Robb Tyler was issued a refuse disposal permit for Management

Area F in 1956, and it operated the Island Landfill (a six-acre landfill within Management Area F) as a permitted landfill from 1960-1969.  ECF 828-1 ¶ 11.

After several years of emergency response actions and site inspections, EPA proposed the 68th Street Site to the National Priorities List ("NPL") in 1999, and again in 2003.  ECF 828-1 ¶¶ 12-16; U.S. Env't Prot. Agency, *Proposed National Priorities List (NPL) Sites – by State*, https://www.epa.gov/superfund/proposed-national-priorities-list-npl-sites-state#MD.  The Site has not been finalized to the NPL, instead being evaluated under the Superfund Alternative Site process.  U.S. Env't Prot. Agency, *Superfund Site: 68th Street Dump/Industrial Enterprises*, https://cumulis.epa.gov/supercpad/SiteProfiles/index.cfm?fuseaction=second.Cleanup&id=0300338.  In April 2006, EPA entered into an Administrative Settlement Agreement and Order for Remedial Investigation and Feasibility Study with the members of the 68th Street Site Work Group.  ECF 828-1 ¶ 17.  Plaintiffs allege that they commenced the investigation and study shortly thereafter, in June 2006.  ECF 828-1 ¶ 18.  Plaintiffs completed the Remedial Investigation in May 2012, and the Feasibility Study in March 2013, and EPA issued its final Record of Decision for remedial actions at the Site in September 2013.  ECF 828-1 ¶¶ 21-22.

In November 2017, this Court entered a Consent Decree for Remedial Design/Remedial Action ("Consent Decree") between EPA and the State of Maryland, on the one hand, and a group of defendants (the "Settling Defendants") on the other hand.  ECF 828-1 ¶ 23; *United States v. AAI Corp., et. al.*, Case No. 17-cv-2909-RDB, ECF 8 (D. Md. Nov. 29, 2017).  The Settling Defendants included Settling Performing Defendants—who are the members of the 68th Street Site Work Group—and other Settling Non-Performing Defendants. ECF 828-1 ¶ 23.  Plaintiffs are signatories to the Consent Decree.  ECF 828-1 ¶ 34.

Plaintiffs filed their initial Complaint in November 2020, naming more than 150 defendants (who were not Settling Defendants party to the Consent Decree) as potentially liable for more than $4.8 million in past costs incurred by Plaintiffs for response activities required by the Consent Decree.  ECF 1.  The Complaint sought contribution, in addition to a declaration of each Defendant's liability for future response costs Plaintiffs may incur. ECF 828-1 ¶ 1.  On September 16, 2020, this Court granted many of the original defendants' motions to dismiss and motions for summary judgment. Plaintiffs now seek leave to amend the Complaint against seven Defendants.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  However, the Rule requires courts to "freely give leave when justice so requires." *Id.*  The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010).  Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012).  This Court retains authority to grant Plaintiffs leave to amend their Complaint, even after previously dismissing the Complaint pursuant to a Rule 12(b)(6) motion to dismiss. *See e.g.*, *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018), *cert. denied sub nom* 139 S. Ct. 607 (2018).  Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

With respect to the futility analysis, it "does not involve an evaluation of the underlying merits of the case." *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting

*MTB Serv., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Arp. 30, 2013)). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980)). This Court has discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

### III. ANALYSIS

This Court's September 16th memorandum opinion analyzed numerous CERCLA cases from courts around this country, all of which supported its ultimate conclusion that a CERCLA arranger liability claim "require[s] some showing of a defendant's intent[.]" ECF 786 at 41. Relying on those cases, this Court held that CERCLA's "plain language requires an entity to take intentional steps with the specific intent to dispose of hazardous waste and not just waste that, to its knowledge, may or may not contain hazardous substances." *Id.* at 42-43. The opinion rejected Plaintiffs' effort to distinguish these cases as "dealing solely with the sale of otherwise useful items containing a hazardous substance." *Id.* at 42. This Court then found that there were no allegations

5

in the original Complaint "suggesting that any of the Defendants arranged for any hazardous substance per se to be transported for disposal, or knowingly incorporated hazardous substances into their general business trash." *Id.* at 45.

It does not appear that Plaintiffs have even attempted to rectify this deficiency. Plaintiffs' new allegations add information aimed at shoring up their previously inadequate effort to allege successor liability, and they add information that, if true, might support an inference that these seven Defendants' trash was deposited at the 68th Street Site. *See, e.g.*, ECF 828-1 at ¶¶ 36-49. But none of the new allegations suggests anything about the Defendants' intent to dispose of hazardous substances.

Instead, Defendants again rely on their proposed distinction that "[p]arties that arrange for *disposal*—as opposed to sellers of *useful products*—do not have to know their waste contains hazardous substances to be liable under CERCLA." ECF 858 at 12 (emphasis in original). Moreover, they argue that the allegations "taken as a whole, readily demonstrate intentional disposal of waste containing hazardous substances." *Id.* at 16.

But as this Court previously explained, that is not the standard. CERCLA's plain language requires more than an intent to dispose of waste "containing hazardous substances." ECF 786 at 40 (explaining that it was "significant" in light of CERCLA's intent standard that the statute defines an arranger as one who intentionally arranges for the disposal "of hazardous substances," yet Plaintiffs merely allege that Defendants intentionally arranged for the disposal of "waste containing hazardous substances"). Instead, CERCLA requires a "specific intent to dispose of hazardous waste and not just waste that . . . may or may not contain hazardous substances." *Id.* at 41-42. There are no allegations in the proposed Amended Complaint that even purport to demonstrate the Defendants' specific intent to dispose of hazardous waste.

Accordingly, "the proposed amendment is clearly insufficient . . . on its face[,]" and Plaintiffs' motion will, therefore, be denied. *Johnson*, 785 F.2d at 510. Because the proposed Amended Complaint does not adequately allege arranger liability, this Court will decline to address Defendants' other arguments, including whether the Plaintiffs have adequately alleged that Defendants C&I and Solo Cup are successors of nexus parties, ECF 851, 853, and whether Plaintiffs relinquished their CERCLA claims by assigning them to the work group, ECF 852.

Defendants request that this Court deny Plaintiffs' motion with prejudice. At this point, the Court will not do so. Future amendments would not necessarily be futile, and the Plaintiffs have not "repeatedly" failed to cure previous deficiencies. *See Foman*, 371 U.S. at 182. The Plaintiffs are, however, strongly encouraged not to seek further amendment if they cannot allege, in good faith, that Defendants acted with the requisite intent to dispose of hazardous waste. At present, then, there are four defendants remaining in this litigation: Solo Cup, ViacomCBS, and Vornado, each of which filed an answer to the original Complaint, and CitiFinancial, which has never responded to this litigation at all. Plaintiffs should advise, on or before February 9, 2022, how they wish to proceed as to these four entities, given this Court's rulings.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to amend, ECF 828, will be denied. A separate order follows.

Dated: January 26, 2022                                            /s/
                                                        Stephanie A. Gallagher
                                                        United States District Judge