# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| 68th STREET SITE WORK GROUP, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No.: SAG-20-3385 |
| | * | |
| 7-ELEVEN, INC., et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>MEMORANDUM OPINION</u>

Plaintiff 68th Street Site Work Group ("Plaintiff") has sued Defendants under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA"), for the recovery of costs incurred in response to the release or threatened release of hazardous substances from the 68th Street Dump Superfund Alternative Site ("68th Street Site," or "Site").  Plaintiff also seeks a declaration of each Defendant's liability for future response costs to be incurred by Plaintiff (and its assignors) at the Site.  On September 16, 2021, this Court issued a Memorandum Opinion and Order granting 31 of the original Defendants' motions to dismiss and/or motions for summary judgment.  ECF 786.  On November 2, 2021, Plaintiff filed a motion for leave to file an amended complaint.  ECF 806.  On January 26, 2022, this Court issued a Memorandum Opinion and Order denying Plaintiff's motion.  ECF 864. Plaintiff chose not to seek further amendment and, instead, filed a motion for a certificate of appealability.  ECF 866.  Because Plaintiff was, at once, trying to appeal from an interlocutory order dismissing several Defendants and to pursue the operative complaint against the four remaining Defendants, this Court denied Plaintiff's motion.  ECF 870.  Now pending are three of

the four remaining Defendants' motions for judgment on the pleadings.  ECF 874, 875.[1]  Those Defendants have jointly moved for judgment based on the Plaintiff's purported lack of standing and the Complaint's failure to allege arranger liability.  ECF 874.  Defendant Solo Cup Operating Corporation ("Solo Cup") (consistently, and according to Solo Cup, inaccurately referred to by Plaintiff as Solo Cup Company) has separately moved based on Plaintiff's failure to allege successor liability as to Solo Cup.  ECF 875.  Plaintiff has opposed the motions, ECF 877, 878, and the moving Defendants have filed replies.  ECF 879, 880.  This Court has considered these filings, and their attached exhibits.  No hearing is necessary.  Loc. R. 105.6 (D. Md. 2021).  For the following reasons, Defendants' joint motion for judgment on the pleadings will be granted, and Solo Cup's separate motion will be denied as moot.

## I.     FACTUAL BACKGROUND

Plaintiff is an unincorporated association whose member entities have each assigned their claims in this case to the Work Group.  ECF 1 ¶ 28.  Plaintiff alleges that Defendants in this case are liable as potentially responsible parties ("PRPs") for their generation and transportation, and/or their arranging for transportation, of materials containing hazardous substances for disposal and/or treatment at the 68th Street Site. ECF 1 ¶ 1.

The 68th Street Site is a mixed industrial, commercial, and residential area, encompassing 239 acres in the Rosedale neighborhood in Baltimore County, along the eastern border of Baltimore City.  ECF 1 ¶ 4.  The Site is an aggregate of seven landfills, which operated within the boundaries of what the United States Environmental Protection Agency ("EPA") later designated

---

[1] On April 15, 2022, Plaintiff filed a motion for default judgment against CitiFinancial Credit Company ("CitiFinancial").  ECF 881.  CitiFinancial entered an appearance on May 5, 2022, ECF 882, and the parties have agreed to extend CitiFinancial's deadline to respond to the motion for default judgment until May 13, 2022.

as five Management Areas (A, B, D, E, and F).  ECF 1 ¶¶ 5-11.  Waste disposal activities were conducted at the Site from the 1950s through the early 1970s, and included the disposal of municipal, industrial, and commercial wastes.  ECF 1 ¶ 6.  Among the entities operating permitted landfills at the Site was Robb Tyler, Inc. ("Robb Tyler").  Management Area E of the 68th Street Site was the "original Robb Tyler Landfill," which was permitted in 1953 and closed by 1956. ECF 1 ¶ 10.  Robb Tyler was issued a refuse disposal permit for Management Area F in 1956, and it operated the Island Landfill (a six-acre landfill within Management Area F) as a permitted landfill from 1960-1969.  ECF 1 ¶ 11.

After several years of emergency response actions and site inspections, EPA proposed the 68th Street Site to the National Priorities List ("NPL") in 1999, and again in 2003.  ECF 1 ¶¶ 12-15; U.S. Env't Prot. Agency, Proposed National Priorities List (NPL) Sites – by State, https://www.epa.gov/superfund/proposed-national-priorities-list-npl-sites-state#MD.   The Site has not been finalized to the NPL, instead being evaluated under the Superfund Alternative Site process.   U.S. Env't Prot. Agency, Superfund Site: 68th Street Dump/Industrial Enterprises, https://cumulis.epa.gov/supercpad/SiteProfiles/index.cfm?fuseaction=second.Cleanup&id=0300 338.  In April 2006, EPA entered into an Administrative Settlement Agreement and Order for Remedial Investigation and Feasibility Study with the members of the 68th Street Site Work Group.  ECF 1 ¶ 16.  Plaintiff alleges that it commenced the Investigation and Study shortly thereafter, in June 2006.  ECF 1 ¶ 17.  Plaintiff's member entities completed the Remedial Investigation in May 2012, and the Feasibility Study in March 2013, and EPA issued its final Record of Decision for remedial actions at the Site in September 2013.  ECF 1 ¶¶ 20-21.

In November 2017, this Court entered a Consent Decree for Remedial Design/Remedial Action ("Consent Decree") between EPA and the State of Maryland, on the one hand, and a group

of defendants (the "Settling Defendants") on the other hand.  *United States v. AAI Corp.*, Case No. 17-cv-2909-RDB, ECF 8 (D. Md. Nov. 29, 2017).  The Settling Defendants included Settling Performing Defendants—who are the members of the 68th Street Site Work Group—and other Settling Non-Performing Defendants.  ECF 1 ¶ 22.  All of Plaintiff's individual members are signatories to the Consent Decree.  ECF 1 ¶ 29.  Plaintiff itself (the 68th Street Site Work Group entity) is not a signatory.

Plaintiff filed its initial Complaint in November 2020, naming more than 150 Defendants (who were not Settling Defendants party to the Consent Decree) as potentially liable for more than $4.8 million in past costs incurred by Plaintiff for response activities required by the Consent Decree.  The Complaint seeks contribution, in addition to a declaration of each Defendant's liability for future response costs Plaintiff may incur.  ECF 1 ¶ 1.  Plaintiff alleges that each Defendant it named, "by contract, agreement or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of waste containing hazardous substances at the 68th Street Site."  *See, e.g.*, ECF 1 ¶ 30.  Plaintiff alleges that each Defendant's respective waste stream contained, at minimum, the following fourteen hazardous substances: acetone, benzene, cadmium, dichloroethylene, lead, methyl ethyl ketone, methylene chloride, perchloroethylene, toluene, trichloroethane, trichloroethylene, vinyl chloride, xylene, and zinc.  In instances where the only waste stream alleged is "general office waste"—such as with respect to Defendant Vornado Realty Trust ("Vornado")—those fourteen substances make up the entirety of Plaintiff's allegations.  *See, e.g.*, ECF 1 ¶ 347.  For certain other Defendants, however, Plaintiff alleges that additional hazardous substances were disposed, including arsenic, barium, chromium, copper, dichlorobenzene, ethyl benzene, manganese, mercury, and/or nickel.  *See, e.g.*, ECF 1 ¶¶ 217; 691.  Relevant here, Plaintiff alleges that Solo Cup's and ViacomCBS's ("Viacom") waste

4

contained copper, ECF 1 ¶¶ 1013, 1129, and that Solo Cup's waste contained mercury, ECF 1 ¶ 1013.

## II.    LEGAL STANDARD

"A Rule 12(c) motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." *Bierman Fam. Farm, LLC v. United Farm Fam. Ins. Co.*, 265 F. Supp. 3d 633, 637 n.5 (D. Md. 2017).  In assessing such a motion, then, the court must "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  The factual allegations of the complaint, assumed to be true, "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The plaintiff's obligation is to show the "'grounds' of his 'entitle[ment] to relief,'" offering "more than labels and conclusions." *Id.* (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).  It is not sufficient that the well-pleaded facts suggest "the mere possibility" of liability.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Rather, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face,'" meaning that the court could "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## III.    ANALYSIS

There are two motions for judgment on the pleadings at issue. First, Defendants Solo Cup, Viacom, and Vornado move for judgment on the pleadings and argue that "(i) Plaintiff lacks standing to bring a complaint under the requirements of CERCLA and (ii) Plaintiff has failed to adequately plead arranger liability under CERCLA."  ECF 874 at 1.  Second, Solo Cup has

separately moved for judgment on the pleadings based on its argument that the Complaint fails to plead successor liability against it.  ECF 875.  The two motions will be addressed in turn.

This Court has already issued two opinions in this case addressing why, in this Court's view, Plaintiff's allegations fail to state a claim based on arranger liability.  ECF 786 at 39-46; ECF 864 at 5-7.  The allegations against the moving Defendants here are, in all relevant respects, identical to the allegations against those Defendants that filed motions to dismiss on the basis of arranger liability earlier in this litigation.  ECF 786 at 39.  As this Court previously found, the Complaint merely alleges a "threadbare recital[] of the elements" of § 1079(a)(3) arranger liability under CERCLA.  *Id.* (quoting *Iqbal*, 556 U.S. at 678).  This Court also found that the Complaint fails to allege facts sufficient to allege that any Defendant acted with the requisite level of intent such that it could be held liable under a theory of arranger liability.  *See id.* at 39-46.  Because there are no meaningful differences between Plaintiff's allegations against the moving Defendants here and the allegations this Court construed in its September 16, 2021 opinion, ECF 786, this Court finds, for the same reasons, that the Complaint fails to state a claim of arranger liability against any of the three moving Defendants.  *Id.*

Defendants also argue that Plaintiff does not have standing to assert any CERCLA claims on behalf of its members.  While this Court previously found that Plaintiff is not the real party in interest in this case, it did not address whether Plaintiff has organizational standing to assert claims on behalf of its member entities.  *Id.* at 57 n.15.  This Court again declined to address that issue in its opinion on Plaintiff's motion for leave to file an amended complaint.  ECF 864 at 7.  Similarly, because this Court's decision here is based on Plaintiff's insufficient allegations of arranger liability, the separate questions of whether Plaintiff is the real party in interest and whether Plaintiff

has standing to assert CERCLA claims are irrelevant to this Court's adjudication of the motions at issue.

Finally, this Court need not address Solo Cup's individual motion that the Complaint fails to allege that it is the successor to two entities that allegedly arranged for the disposal of waste at the Site.  Because this Court holds that the Complaint fails to state a claim for arranger liability against any of the moving Defendants, including Solo Cup, its separate motion on the basis of successor liability will be denied as moot.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' joint motion for judgment on the pleadings, ECF 874, will be granted, and Solo Cup's separate motion for judgment on the pleadings, ECF 875, will be denied.  A separate order follows.


Dated: May 10, 2022                                    _____/s/_____
                                                       Stephanie A. Gallagher
                                                       United States District Judge