IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| 68TH STREET SITE WORK GROUP, | * |
| Plaintiff, | * |
| v. | *   Civil Case No. SAG-20-3385 |
| AIRGAS, INC., *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff 68th Street Site Work Group ("Plaintiff") seeks leave to file a Second Amended Complaint in this lawsuit, which asserts arranger liability under CERCLA. ECF 929. Five of the six Defendants named in the proposed Second Amended Complaint, ViacomCBS, Inc. (n/k/a Paramount Global, Inc.), Vornado Realty Trust, The Rukert Terminals Corporation, Solo Cup Operating Corporation, and Alban Tractor LLC (collectively "Opposing Defendants") oppose the motion on the ground of futility, ECF 930. Plaintiff has filed a reply, ECF 931. For the reasons stated herein, this case will be reopened and Plaintiff's motion to amend will be granted, without prejudice to Opposing Defendants' ability to renew their substantive arguments in a motion to dismiss.

I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed its original Complaint on November 20, 2020 seeking contribution and declaratory relief under CERCLA against approximately 150 defendants. ECF 1. A number of defendants moved to dismiss and/or moved for summary judgment. On September 16, 2021, this Court granted a motion to dismiss Plaintiff's Amended Complaint without prejudice. ECF 786, 787. Plaintiff successfully appealed the dismissal to the United States Court of Appeals for the

1

Fourth Circuit, which has remanded the case back for further consideration by this Court. ECF 921.

Plaintiff now seeks to file a proposed Second Amended Complaint, which will, in relevant part, remove the multitude of defendants named in the original Complaint that have now been dismissed, correct the corporate names of remaining defendants, add some factual allegations and detailed successor liability allegations, and replace Plaintiff, a work group, with six separate entities as individual plaintiffs. *See* ECF 929 at 4-5.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (footnote omitted) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012).  Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

The Opposing Defendants' contention is that amendment would be futile.  ECF 930 at 10-11. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 Arthur R. Miller et al., Federal Practice and Procedure § 1487 (3d. ed. June 2024 Update) ("[A] proposed amendment that clearly

is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve an evaluation of the underlying merits of the case." *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (citation and quotations omitted). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (alteration in original) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980)). This Court has discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

In sum, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit

of Federal Rule of Civil Procedure 15(a)." *Galustian*, 591 F.3d at 729; *see also Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964).

### III. ANALYSIS

In their opposition to the motion to amend, Opposing Defendants raise a series of arguments relating to Plaintiff's claims, including the effect of alleged judicial admissions made earlier in this litigation and the effect of the assignment of claims from individual group members to the work group presently serving as Plaintiff. ECF 930 at 11-19. Without reaching the merits of those complex legal issues, Plaintiff's proposed Second Amended Complaint cannot fairly be described as "clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. Evaluating Opposing Defendants' arguments will require extensive consideration of the record in this case to date.

Given that the standard applied to assess whether a claim is futile is more forgiving than that employed in evaluating a Rule 12(b)(6) motion to dismiss, this Court will permit Plaintiff to file its Second Amended Complaint and will ask Opposing Defendants to re-file their arguments in favor of dismissal for this Court's substantive consideration under the Rule 12(b)(6) standard. Though this procedure is somewhat lacking in efficiency, allowing Plaintiff's amendment will not prejudice Opposing Defendants and will produce the cleanest record for the parties to proceed with this case.

A separate Order follows, which will reopen this case and direct the Clerk to file the Second Amended Complaint, ECF 929-1.

Dated: November 5, 2024                                        /s/
                                                               Stephanie A. Gallagher
                                                               United States District Judge